### FLETCHER v. COOMES et al. *

(Court of Appeals of District of Columbia. Submitted October 12, 1922. Decided November 6, 1922. Rehearing Denied November 29, 1922.)

No. 3765.

1. Partition ⬅114(5)—Plaintiff's attorney's fees cannot be charged against fund, when defendants appear by own attorneys.

Even though the fees of the attorney for plaintiff in a suit for partition may be charged against all the parties thereto, where the suit is of a friendly nature, so that it may be assumed the others impliedly accepted the benefit of the attorney's services, they cannot be charged against defendants who appeared by their own attorneys, and especially where the attorney had been paid the entire fee which plaintiff agreed to pay him for his services.

2. Partition ⬅114(4)—Plaintiff's attorney's fees cannot be taxed as costs.

Since Code D. C. § 1109, provides that proceedings in which attorney's fees may be taxed as costs do not include suits for partition, the fees of plaintiff's attorney cannot be taxed as costs in a partition suit, under section 1108.

3. Attorney and client ⬅155—Attorney held not to have created fund by services.

Where the partition suit was for the sale of property in esse and in hand, for the division of the proceeds of the sale, the plaintiff's attorney is not entitled to compensation from the defendants, on the theory that his services created a fund of which they received the benefit.

Appeal from the Supreme Court of the District of Columbia.

Suit for partition by Edmond C. Fletcher against Isaiah S. Coomes and others, in which Edmond C. Fletcher intervened to establish his claim for services rendered as attorney. From an order dismissing the petition in intervention, intervener appeals. Affirmed.

Edmond C. Fletcher, of Washington, D. C., for appellant.

George E. Hamilton, John J. Hamilton, Harry A. Grant, Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from an order of the Supreme Court of the District of Columbia, dismissing the

petition of intervention filed by Edmond C. Fletcher to establish his claim to fees for services rendered by him as attorney in the partition of real estate devised to appellees by the last will and testament of William Pitt Kellogg.

It appears from the record that a memorandum of agreement, prepared for the signature of Edmond C. Fletcher, Isaiah S. Coomes, and Arthur K. Coomes, was executed on January 26, 1920, by Edmond C. Fletcher, as party of the first part, and by Isaiah S. Coomes, as party of the second part; Arthur K. Coomes declining to sign it as party of the second part.

The agreement recited, first, that the parties of the second part desired to recover their interest in personal and real estate, either by joining with Sherman Kellogg as plaintiffs in an action to set aside and cancel in whole or in part the will of William Pitt Kellogg, or by instituting and prosecuting some other proceeding; second, that the estate of William Pitt Kellogg was entitled to recover from Mary K. Wills the approximate sum of $8,000, wrongfully paid out of the funds of the said estate by the executor of said last will and testament; third, that said executor was about to claim from said estate the approximate sum of $30,000 as commissions for the administration of the personal property of said estate, and that, unless objections were submitted in writing at the proper time by the parties of the second part, such commissions might be allowed by the probate court; fourth, that it was necessary to authorize the institution and prosecution of an action in the Supreme Court of the District of Columbia in order to effect a sale of the real property referred to in item 5 of the will, and to secure a division of the proceeds arising therefrom among the parties of the second part, and other parties entitled thereto under the will as their interests might appear; fifth, that the net rentals from the real estate collected appeared to be disproportioned to the value of the real estate; sixth, that as many questions of law and fact had arisen and would continue to arise with respect to the estate, it was necessary to employ legal counsel in Washington, with authority to render legal services in said estate for and on behalf of the parties of the second part.

In consideration of these premises the party of the first part was employed, authorized, and appointed by the agreement to render to the parties of the second part, in the prospective controversies and proceedings recited, such legal services as he might find prudent upon the following terms of compensation, to wit: (1) Fifty per cent. of the money or of the value of any property accruing to the parties of the second part as the result of the prosecution by the first party of an action to set aside and cancel the last will and testament of William Pitt Kellogg, or of any other action firmly establishing in the second parties the right to the personal and real property described in item 4 of said will. No compensation whatever was to be paid to the first party for his services in that behalf, in case none of the money or property described in item 4 of the will was adjudged to the second parties and other heirs at law of William Pitt Kellogg; (2) 50 per cent. of any money or the value of any property secured for the ex-

ecutor of the estate of William Pitt Kellogg as the result of the prosecution by the first party of any claim against the estate of Mary E. Kellogg; (3) 20 per cent. of any money or property refunded by Mary K. Wills to said executor as the result of the prosecution of the claim therefor by the party of the first part; (4) 20 per cent. of any money or property saved to said second parties as the result of objections in writing filed by the first party to any claim or charge of the Union Trust Company for commissions for administering the personal property of the estate of William Pitt Kellogg; (5) *a cash fee of $240 for instituting and prosecuting an action to effect a sale of the real estate referred to in item 5 of the will, and the distribution of the proceeds of sale to said second parties and the other parties entitled thereto. It was further agreed that the $240 should be refunded to said second parties out of any compensation or trustees' commissions awarded to the first party, in case he was appointed by the court as one of the trustees to effect a judicial sale of such real estate and to make distribution of the proceeds thereof in accordance with the order of the court.* No compensation whatever was to be paid by the second parties for any legal services rendered by the first party for the purpose of increasing the net rentals derived from the residuary real estate.

The record does not disclose that any proceedings were ever initiated by the intervener to set aside the will of William Pitt Kellogg, or to recover any moneys paid to Mary K. Wills by the executor out of funds of the estate, or to prosecute any claim against the estate of Mary E. Kellogg. Neither does it appear that any objections were made to commissions claimed for administering the personal property of Kellogg's estate.

Twelve days after entering into the agreement above referred to, the intervener, on behalf of Isaiah S. Coomes, filed a bill of complaint in the Supreme Court of the District of Columbia, against the defendants therein named, for the sale by trustee of the various parcels of real estate devised to appellees, and for the division of the proceeds of such sale among the parties to the partition suit as their interests might appear.

One of the defendants in person and six of them by counsel made answer, admitting the allegations of the bill, and, after alleging that there was sufficient personal estate to take care of the debts, they reserved the right to request the court to appoint trustees named by them to make a sale of the real estate involved. Eleven of the defendants made no appearance within the time prescribed, and on application of the plaintiff, represented by the intervener, the bill of complaint was on April 20, 1920, taken against them as confessed. The order pro confesso, however, was set aside on the 7th of May, 1920, as to ten of the defendants affected, and all ten made substantially the same answer as that filed by the other defendants. On motion of the intervener the case was referred on the 26th of April, 1920, to an examiner of the court, with directions to take testimony touching the issues raised by the pleading and to report to the court the testimony taken.

On the 27th of April, 1920, Isaiah S. Coomes wrote to the intervener that, having paid to the latter the agreed compensation for his services

in the partition suit, he (Coomes) abrogated the agreement of January 26, 1920, and that he desired the intervener to withdraw his appearance as attorney for the plaintiff.

On this state of facts the appellant contends that he was entitled to compensation in addition to that specified in his agreement with Isaiah S. Coomes, and that such additional compensation should be charged against any funds resulting from the sale of the real estate involved in the partition suit and against the parties thereto in accordance with their rights and interests.

[1] We are of the opinion that that contention cannot be sustained. The compensation of an attorney who initiates and carries to a conclusion a partition suit may, in some states, under special statute, be charged against the parties in proportion to their respective interests. In other states having no such statute, attorney's fees may nevertheless be charged against the fund under a statute allowing costs and expenses incident to the proceeding. Whether, however, attorney's fees are charged with or without statutory authority against partition funds, they are so charged on the just postulate that the plaintiff should not bear all the expense of a friendly suit, and on the principle that, the defendants having accepted without objection the benefit of his attorney's services, that attorney's authority to represent their interests may be implied. In this case the facts plainly negative any implication that intervener's employment was approved by the defendants, or that he had any authority whatever to speak or act for them.

Isaiah S. Coomes acted for himself alone when he employed Mr. Fletcher as his attorney, and there is nothing in the record which would warrant the conclusion that the intervener was employed by any of the defendants in the partition suit, or was expressly or impliedly authorized to act for them as attorney therein. All of the defendants, with the exception of Arthur K. Coomes, appeared in person or by counsel of their own choice, and, taking into consideration all the facts, it cannot be fairly said that their employment of counsel was in bad faith or without reason, or that they did anything more than a prudent person would have done under the circumstances. Some of the proceedings contemplated by the agreement and by the intervener if successful, would have deprived the defendant Bessie K. Denley of the interest accruing to her under the trust provision of the will, and some of the steps which Mr. Fletcher proposed to take were evidently displeasing to the defendants. Intervener's intention to seek appointment as trustee to make the partition sale was apparently disapproved by all of the defendants making answer to the bill, and their answers establish to a reasonable degree of certainty that at least one of the purposes of retaining counsel was to request the appointment, not of Mr. Fletcher, but of some other person or persons as trustee.

The intervener's agreement to take certain proceedings, which the defendants in the partition suit did not approve, and which were adverse to the interests of at least one, if not all, of them, their opposition to his appointment as trustee to make the partition sale, the employment of counsel by ten of the defendants to protect their interests in the partition suit, and the refusal of defendant Arthur K. Coomes

to sign the agreement employing Mr. Fletcher, preclude even an inference that the intervener was acting for the defendants as their attorney or that they were dealing with him in any other way than at arm's length. Indeed, that Mr. Fletcher did not regard himself as acting for all of the parties seems to be confirmed by the fact that after the partition suit was filed he informed William P. Johnson, one of the defendants therein, that he would be glad to represent him on the basis of 5 per cent. of the amount to which the Johnson heirs might be entitled.

If the intervener had commenced and prosecuted to a conclusion the action for partition, and the defendants, electing not to appear by counsel of their own, had received the benefit of legal services rendered by him, it might be contended with some authority to support the contention that all of the parties should be charged, in proportion to their rights and interests, with reasonable compensation for the work done. Where, however, partition proceedings are initiated by counsel for one of the parties in interest and the defendants prefer in good faith to be and are represented by other counsel for the protection of their rights, as they see them, in the subject-matter of the litigation, neither justice nor good conscience requires that they should bear, not only the expense incurred by reason of their actual employment of counsel, but also their proportion of compensation for the services of an attorney in whose selection they have had no voice or part.

Certainly it would be going far to impose on such defendants the burden of additional compensation in the face of an agreement by plaintiff's attorney to institute and *prosecute* the partition suit for a fixed sum and his acceptance of a payment which was plainly declared by the party engaging him and not here complaining to be in full discharge of the compensation stipulated.

[2] If attorney's fees in a partition suit, *such as are here claimed,* could be regarded as taxable costs as distinguished from compensation which attorneys charge or receive from their clients, *such fees could not be taxed in this jurisdiction,* inasmuch as they are not included in the list of cases and matters in which compensation of attorneys may be taxed and allowed under sections 1108 and 1109 of the Code of the District. Section 1109 having specifically provided when and in what legal proceedings the compensation of attorneys may be taxed and allowed, taxation and allowance thereof must be limited to the matters enumerated in the section and must be had as therein provided.

[3] The point made by the appellant that a fund was created, through his efforts, of which defendants received the benefit, is not sustained by the record. The partition suit was for the sale of property in esse and in hand and for the division of the proceeds of the sale. There is therefore absolutely nothing in the case which would warrant a holding that the proceeding commenced by Mr. Fletcher for Isaiah S. Coomes, created or contemplated the creation or the recovery of a fund for the benefit of Isaiah S. Coomes and the defendants.

Whether attorney's fees incurred by a plaintiff may be charged against all the parties in a partition suit or against the common fund, in case defendants unrepresented by counsel of their own knowingly accept the benefit of the legal services of the attorney instituting and

prosecuting the proceeding, and whether such fees under like circumstances may be charged to all the parties in interest where a fund is created or recovered or property owned in common is protected from loss or waste, is not decided.

The order dismissing the petition of intervention is affirmed.