**VAN SENDEN et al. v. WILKINSON et al.**

No. 6257.

United States Court of Appeals for the District of Columbia.

Argued Dec. 12, 1934.

Decided Feb. 4, 1935.

Webster Ballinger, Harry W. Johnson, Alfred Cerceo, J. W. McAndrews, and Alfons B. Landa, all of Washington, D. C., for appellants.

Edmund D. Campbell, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

On a previous appeal in this case we held that the decree appealed from was not final. In remanding, we stated the facts fully, and it will serve no useful purpose to repeat them here. They will be found in 62 App. D. C. at page 32, and in 64 F.(2d) at page 155.

In the subsequent proceedings below a decree was entered against defendant administrators (appellants) declaring them liable to the plaintiffs (appellees) for an accounting of moneys received by them and by their decedent by way of property rents, under and by virtue of an assignment agreement, and the cause was referred to an auditor for an accounting. The auditor reported that decedent (Van Senden) and his administrators were obligated to pay on the notes held by the plaintiffs the sum of $3,-224 with 6 per cent. interest from June 20, 1930, together with the costs of the hearing, including the auditor's charge, and, in addition, an attorney's fee in the amount of $750. The court confirmed the report and decreed in favor of plaintiffs in the sum of $3,224, with interest, costs, and counsel fee. The appeal is from that decree.

The grounds of error assigned are that plaintiffs had a complete remedy at law and, incidentally, that the plaintiffs were not entitled to the entire fund, nor interest on the fund, nor to an attorney's fee.

We are of opinion that the assignment, the terms of which are set out in our former opinion, created a trust or, in any case, an equitable assignment of a particular fund, and that the money received therein was taken by appellants subject to appellees' equitable lien thereon, and that appellees were entitled to bring a suit in equity to enforce their rights, and to an accounting. Johns v. Wilson, 180 U. S. 440, 21 S. Ct. 445, 45 L. Ed. 613; Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667; Re Wolf Mfg. Industries (C. C. A.) 56 F.(2d) 64.

We have examined the record carefully and are of opinion that the auditor's report was in all respects correct, and approve the action of the court in confirming it, except as to the allowance of an attorney's fee. This, we think, was error. This is not a case in which the court was administering a fund under its control. In such a case it is not unusual nor improper, where the circumstances justify it, to allow counsel fees payable out of the fund. Likewise, cases may be found in which courts have allowed attorneys' fees in equity causes in which the trustee had grossly abused his trust or was guilty of misconduct tending to defeat the ends of justice, but the general rule is contrary to this; and in patent infringement suits, in admiralty, in debt, covenant, and assumpsit the only costs ordinarily allowable are those taxable as between party and party. Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43. We think the same rule should apply in ordinary equity causes.

In this view, and without more, the decree of the court below is affirmed, except as to the allowance of a fee of $750 to appellees' counsel, and, as to that item, is reversed.

Affirmed in part; reversed in part; costs against appellants.