## HOUGHTON v. DUFFNER-CRAVENS CO., Inc.

No. 25661.   Oct. 22, 1935.

Rehearing Denied Dec. 3, 1935.

Snyder, Owen & Lybrand, for plaintiff in error.

Stuart, Bell & Ledbetter, for defendant in error.

BAYLESS, J. H. B. Houghton, plaintiff in error, but defendant below, appeals to this court from a judgment of the district court of Oklahoma county, Okla., based upon the verdict of a jury, against him and in favor of Duffner-Cravens Company, Inc., a corporation, plaintiff below but defendant in error herein. The parties will be referred to as they appeared in the trial court.

The plaintiff sued the defendant to recover judgment for a commission alleged to have been agreed upon between them for the services of plaintiff in effecting a trade whereby defendant was enabled to trade certain corporate stocks for certain real estate.

The first proposition argued by defendant questions the correctness of the trial court's ruling upon the admission of evidence. One Turney owned certain real estate which he desired to sell, and engaged the services of Stephens to find a purchaser. Stephens furnished this information to plaintiff, and it being a corporation was forced to act through its officers and agents. One of its officers furnished the information to one of its agents, who approached defendant on the matter. Plaintiff's agent testified that defendant authorized him to carry more than one proposition for trade, which he did by giving such information to the officer of plaintiff, who in turn testified that he passed the information on to Stephens. Stephens rejected some of these propositions, and information of these rejections went back to defendant through the agent, via the officer. The trial court permitted these witnesses to testify somewhat in detail as to their conversations with each other, all admittedly out of the presence of defendant, and all over the strenuous objections of his counsel. Technically defendant's objections to such of these conversations that took place out of defendant's presence were good, but in view of the statements of the trial court to the jury at the time he admitted them we cannot say that they resulted prejudicially. The trial court emphasized time and again to the jury that he was permitting the conversations to go into evidence in order that it might have a complete picture of the entire transaction in its physical aspect, and made clear to the jury that these conversations in themselves were not evidence on the question of whether plaintiff had a contract with defendant to perform such services. Plaintiff had to show (1) that it had a contract with defendant to perform certain services; and (2) that it performed. We believe the court's statements to the jury upon these objections were sufficient to keep this difference in the purpose and purport of such conversations constantly and clearly before the jury.

Defendant's proposition 2 involves the charge that the trial judge made uncalled for and nonjudicial remarks to and about defendant, defendant's counsel, and defendant's witnesses. We have read the excerpts of the record set out in defendant's brief, and we have gone further and read the entire record in an effort to get a proper understanding of the circumstances. The record discloses many arguments and contentions made by the attorneys, admonitions from the attorneys to the witnesses which invaded the province of the court, and objections to testimony on the part of attorneys for defendant almost beyond that which is proper. The case was closely tried, and we cannot but come to the conclusion that the tempers of everyone connected with the matter became frayed. We cannot say that the trial court's statements reflect an unjudicial attitude or one prejudicial to defendant.

Defendant's proposition 3 is: The trial court erred in overruling defendant's demurrer to the plaintiff's evidence. There is no error in this. The evidence on the part of the plaintiff is that its agent approached defendant with information concerning Turney's desire to sell; that plaintiff did not consider itself Turney's agent; that defendant availed himself of the assistance and information furnished by plaintiff's agent; and that defendant discussed the question of a commission, was informed upon what basis it was founded, and defendant actually calculated the total thereof. It is true that plaintiff's evidence does not show that defendant ever said in so many words that he would pay such a commssion; but it was competent to go to the jury upon the question of a contract, since he had all of information, knew what the commission would be, knew that he was expected to pay it, and yet continued to avail himself of plaintiff's agent's services.

Defendant's proposition 4 raises the cor-

rectness of the trial court's ruling upon defendant's motion for a peremptory verdict in his favor. There was no error in this ruling. We have held the trial court properly overruled defendant's demurrer to plaintiff's evidence; and the evidence introduced by defendant merely raised an issue of fact, and was not sufficient to justify a trial court in withdrawing the case from the jury. The fact is, when the defendant completed the introduction of his evidence, the evidence as a whole was in hopeless conflict upon practically every issuable question of fact involved in the matter.

Proposition 5 questions the correctness of certain instructions given; and complains of the refusal to give certain requested instructions.

Defendant complains because the instructions given by the court were predicated upon the premise that plaintiff, through its agent, represented the defendant, else plaintiff could not recover. We believe this was in keeping with the evidence. Turney owned the property, and Stephens had his authority—whatever it was—through him. Stephens denied the property was listed with him, but stated repeatedly that he was authorized to receive from anyone propositions to purchase the property, and these propositions were to be passed on to Turney. Stephens communicated this situation to plaintiff, and its agent brought the matter to defendant's attention. Stephens denied that plaintiff was his agent, or the agent of Turney. Plaintiff never claimed to represent anyone except defendant.

Defendant further complains because the instructions given were upon a quantum meruit basis, whereas the suit was upon an express contract. We disagree with defendant's interpretation of the instructions. The suit was upon an express contract as to the basis of commission: that is to say, 5 per cent. on the first $10,000 of value, and 2½ per cent. on the remainder. The fact that varying amounts of stock were mentioned, and the fact that the jury was told that this was the basis upon which the commission was to be calculated did not transform the matter into one of quantum meruit. It was merely a problem of calculation for the jury.

The instructions offered by the defendant and refused by the court assume as premises that plaintiff's evidence established a quantum meruit basis for recovery, and that plaintiff was agent for Turney, or at least was in a position of representing both sides without disclosing this fact to defendant or having his consent thereto. Neither contention was correct, and such instructions were properly refused.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.