**QUICK v. POINTER et al.**

No. 10460.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1950.

Decided Nov. 30, 1950.

Mr. Josiah Lyman, Washington, D. C., for appellant. Mrs. Kathryn M. Schwarz also entered an appearance for appellant.

Mr. Samuel R. Blanken, Washington, D. C., with whom Mr. Morris Benson, Washington, D. C., was on the brief, for appellee Pointer.

Mr. John Ward Cutler, Washington, D. C., with whom Mr. Leonard A. Block, Washington, D. C., was on the brief, for appellee Baker.

Before CLARK, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court for damages for breach of a contract to sell real estate and for a real estate agent's commission. The contract was for a price of $16,000. Ten days after the contract was made, and before settlement day, the purchaser made a contract for a resale at $19,500. It then appeared that the original vendor did not have title, being part but not full owner of the property. His vendee sued. The trial court, without other evidence as to damages and without other finding on the point, gave judgment for $3,500, the difference between the prices in the two contracts.

The established rule in this jurisdiction is that damages under these circumstances are the difference between the contract price and the fair market value of the property.[1] No mention of fair market value appears in this record, either in the evidence or in the findings. The judgment for the vendee must therefore be reversed on that point.

There was sufficient evidence to support the trial court's conclusion that the

1. Peoples Mortg. Corporation v. Bedrosian, 1946, 81 U.S.App.D.C. 69, 154 F. 2d 332; Bedrosian v. Peoples Mortgage Corporation, 1950, 87 U.S.App.D.C. ——, 182 F.2d 395; Thompson v. Rector, 1948, 83 U.S.App.D.C. 371, 170 F.2d 167.

real estate agent produced a buyer ready, able and willing to buy. That was all the agent had to do in order to become entitled to his commission. The dispute as to whether he knew that his client was not full owner of the property was an issue of fact upon which the evidence conflicted. The judgment as to the commission is affirmed.

Affirmed in part and reversed in part.