Asher L. WHEELER, Appellant,

v.

Clarence BURGER, Appellee.

No. 1869.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 17, 1956.

Decided Nov. 13, 1956.

Asher L. Wheeler, Washington, D. C., appellant, pro se.

Thomas S. Jackson, Washington, D. C., with whom Louis M. Denit, Martin R. Fain

and Richard A. Bishop, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant agreed to sell and appellee agreed to buy certain real estate for a price of $24,000. At time of settlement appellee refused to complete the sale and about two months later appellant sold the property to another person for $23,000. This action was brought by appellant for $1,000, alleged to be his loss resulting from appellee's default. The trial court ruled that the measure of damages was the difference between the contract price and the fair market value at the time of default,[1] and found that the fair market value at the time of default was $24,000. Accordingly the court concluded that appellant had suffered no actual damages and was only entitled to nominal damages of $1.

Appellant concedes that the measure of damages adopted by the trial court was correct, concedes that the burden was upon him to prove fair market value, and concedes that the resale price was not conclusive evidence of market value. He argues, however, that the resale, plus other evidence, established prima facie that the market value was $23,000 and that appellee offered no competent evidence tending to rebut appellant's evidence of fair market value.

Appellant's contention is that appellee's evidence, largely that of expert witnesses, was not directed to market value at time of default but related to market value at time of trial, which occurred nearly a year after default. It is true that the record shows that many of the questions put to, and answered by, appellee's witnesses were in the present tense and were not specifically directed to the time of default. However a reading of the entire transcript dem-

1. See Quick v. Pointer, 88 U.S.App.D.C. 47, 186 F.2d 355.

onstrates with fair accuracy that the court, the parties and the witnesses had in mind that the issue of market value related to the time of default and the subsequent resale. Support for this is found in the fact that no objection was made at trial that the evidence related to a time not in issue, and on cross-examination of appellee's witnesses no attempt was made to determine whether their testimony, if directed to time of trial, would be different if directed to time of default. On the whole record we cannot agree with appellant that appellee offered no competent rebutting evidence. Consequently we cannot rule, as appellant urges, that the finding of the trial court was plainly wrong or without evidence to support it.

Affirmed.