George H. TIPP, Appellant,

v.

Henry L. LYMAN, Appellee.

No. 1932.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 18, 1957.

Decided April 24, 1957.

Rehearing Denied May 13, 1957.

Leonard C. Collins, Washington, D. C., for appellant.

Joseph J. Lyman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant had a contract to purchase a house and lot at a price of $10,000, settlement to be made within sixty days. He assigned his rights and interest in the contract to appellee and appellee gave him two checks totaling $850. Appellee stopped payment on the checks and made no attempt to exercise his rights under the assignment. Appellant brought this action on the checks and the trial court awarded him judgment for $1. He says the court was in error in not giving him judgment for the full amount of the checks.

A very abbreviated statement of proceedings and evidence states that the checks were given in consideration for the assignment and that when appellee failed to make settlement on the contract appellant made settlement with his vendor and later resold the property for $10,875. The court found that various claims of fraud and misrepresentation made by appellee were not established, and that appellee breached his contract by stopping payment on the checks. The court ruled that appellant had not proved damages and therefore was entitled to nominal damages only.

Appellant's position is that his action was not one for damages, but was for the agreed price of the assignment. The checks and the assignment are the only documentary evidence of the transaction between the parties. The assignment on the back of the contract is in the following language: "I hereby assign all my rights title and interest in this contract to .......... without recourse to me." (signed) "Rose S. Samuels." Rose Samuels, the assignor, was the named purchaser in the contract and the named payee of

the checks, but she appears to have been acting merely as a straw party for appellant. Appellee's position is that the transaction, though in form an assignment, was in reality a sale of real estate, and that the measure of damages was the difference between the contract price and the fair market value at time of default,[1] and that there was no showing that the contract price exceeded the market value. An exhibit in the record, being a letter from appellant's counsel written to appellee within the sixty-day settlement period, lends some support to appellee's position. In that letter appellant's counsel referred to the checks as "given as a deposit" and also referred to an alleged occurrence "after you agreed to buy the property." However, the statement of proceedings and evidence discloses so little of the evidence that we feel we are bound to accept the statement that the checks were given in consideration of the assignment and cannot accept appellee's version that the checks were given as a deposit on a contract to purchase.

The question then is whether one who, in the absence of fraud and misrepresentation, agrees to pay for the assignment of rights under a contract, and upon receiving such an assignment gives his checks therefor, may successfully defend an action on the checks on the ground that because of his failure to exercise his rights under the assignment he received no benefit and that because of subsequent events the assignor suffered no damage. The question must be answered in the negative. Appellee received certain rights and agreed to pay therefor a certain sum. His failure to exercise those rights did not relieve him from paying for them. No question of damages or mitigation of damages is involved. Appellee bound himself to pay an agreed price for that which he received. He failed to pay and appellant was entitled to judgment for the agreed price.

Reversed with instructions to enter judgment for appellant for $850.

1. See Wheeler v. Burger, D.C.Mun.App., 126 A.2d 869.