M. Robert ROGERS et al., Appellants,

v.

LION TRANSFER AND STORAGE CO.,
Appellee.

No. 18908.

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1965.

Decided March 18, 1965.

Mr. Monroe Oppenheimer, Washington, D. C., with whom Mr. Abraham J. Harris, Washington, D. C., was on the brief, for appellants.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander and Harry P. Friedlander, Washington, D. C., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

Appellants sued for breach of a real estate contract dated June 19, 1961, under which appellee contracted to purchase a warehouse for $410,000 but failed and refused to perform. The trial court held that the contract was valid but that appellants had not shown damage by the breach. Appellee did not cross appeal from the holding that the contract was enforceable.

The evidence shows that after appellee's refusal to buy at $410,000 appellants later sold the property for $355,000 in March 1962, and appellants rely in large part on this sale as evidence of a contemporaneous bona fide transaction showing "the difference between the contract price and the fair market value of the property." Quick v. Pointer, 88 U.S. App.D.C. 47, 186 F.2d 355 (1950).

It was, of course, appellants' burden to establish the fair market value of the property as of a date reasonably near August 1961, the contemplated closing date. In addition to the sale for $355,000 in March 1962, one witness for appellants gave a general conclusion that the prop-

erty was not worth more than $350,000 to $360,000. This witness was an experienced realtor whose qualifications are not disputed; rather the attack on his testimony is his own statement that "I'm here under subpoena, not as an expert witness; and I have never made an actual appraisal of this property ＊ ＊." [1]

Appellee's evidence included expert testimony based on conventional appraisal standards that the property was worth $420,000 in August 1961.

The evidence was therefore such that the court sitting as a trier could reasonably have arrived at a figure of $420,000 or $355,000, or an intermediate figure, depending on what evidence he was prepared to credit and the weight to be given it. The court was not required to credit any one evidentiary factor on value over any other but it is appellants' contention that the District Court rejected entirely the evidence of the sale for $355,000 and that of the realtor who disclaimed having made an appraisal but thought the property worth not over $360,000.

The record leaves us in some doubt as to whether the District Judge refused, as appellants assert, to consider the testimony of appellants' "expert" or whether he considered that evidence but discounted it and gave it little weight because he thought it superficial or lacking in foundation. Secondly we are in doubt as to whether the District Court concluded that the 1962 sale at $355,000 was not bona fide because of some question as to the identity of the real purchaser or whether he gave it some weight in reaching his conclusion. The first matter can be resolved by findings of fact; the second may require additional evidence. We therefore remand for such further proceedings, if any, as the District Court may consider necessary with respect to the second point and for more

explicit findings on the first point which will reflect whether the appellants' evidence of a $355,000 sale in 1962 was rejected entirely or whether it was weighed and found wanting. The correct rule is that some weight should be given to contemporaneous bona fide sales; additionally the evidence from appellants' expert as to a $360,000 value, however infirm its basis, is entitled to some weight. We intimate no views as to what conclusion a synthesis of all the evidence will lead to in resolving the basic issue, *i. e.*, whether the fair market value of the property in August 1961 was greater or less than, or substantially the same as, the 1961 contract price of $410,000.

Remanded with directions.

1. Commenting on this testimony the District Judge said:

"Well, Mr. Weinberg is a very able real estate gentleman, but he made no real appraisal in this case and said he didn't. He said he didn't. What he in effect did, was brush it off himself. He just said that the property was offered him at such-and-such a price and he just simply wasn't interested and that was about it."