William B. WOLF et al., Appellants,

v.

William COHEN et al., Appellees.

No. 20429.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 16, 1967.

Decided May 8, 1967.

Petition for Rehearing En Banc and for Rehearing before the Division Denied June 14, 1967.

Mr. Philip W. Amram, Washington, D. C., with whom Mr. Gilbert Hahn, Jr., Washington, D. C., was on the brief, for appellants.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellees.

Before DANAHER, Circuit Judge, BASTIAN, Senior Circuit Judge, and ROBINSON, Circuit Judge.

BASTIAN, Senior Circuit Judge:

This is an appeal from a judgment of the District Court entered in favor of appellees herein, Cohen *et al.*, against appellants herein, Wolf *et al.* The case has a lengthy history, the original complaint having been filed on November 7, 1962. Briefly stated, the facts are as follows:

On August 31, 1962, Parkwood, Inc., the owner of a parcel of land in the District of Columbia, entered into a contract to sell the property to one Butler for $1,000,000. Thereafter, Parkwood, Inc. conveyed the property to the Cohens, subject to Butler's rights under his contract of purchase. Butler, in turn, assigned his rights under the contract to one Lovitz. It is clear that Lovitz was the straw party for the real parties in interest, Messrs. Wolf, Wolf, and Dreyfuss.

In the complaint originating this action, filed November 7, 1962 (Civil Action 3513–62), the Cohens (as plaintiffs) alleged that there had been an anticipatory breach of the contract of August 31, 1962, and asked the court to declare the contract cancelled and void. ' Messrs. Wolf, Wolf, and Dreyfuss, *et al.*, filed a counterclaim for specific performance of the original contract and for damages.

On December 4, 1962, the date for the settlement of the contract, the Cohens and Parkwood, Inc. defaulted. Cross motions were filed in the District Court and, on December 13, 1963, judgment was entered holding that there had been no anticipatory breach of the contract of August 31, 1962, and decreeing specific performance against the Cohens and Parkwood, Inc.[1] Appeal was taken from this judgment and, on December 14, 1964, we affirmed the judgment of the District Court, with costs.

On January 25, 1965, an amendment of the original judgment of the District Court was entered by that court, directing the specific performance of the written agreement of purchase and providing that all rents, taxes, water rent, insurance, interest on existing encumbrances, operating charges and other apportionable items should be adjusted to the date of the actual transfer of the property. The case was set for trial for determination of the damages, if any, to which Messrs. Wolf, Wolf, and Dreyfuss, *et al.*, were entitled under the counterclaim as a result of the breach of contract by the Cohens and Parkwood, Inc. On February 5, 1965, the property was, pursuant to the decree of the District Court, conveyed to Messrs. Wolf, Wolf, and Dreyfuss.

From now on herein Messrs. Wolf, Wolf, and Dreyfuss, *et al.*, will be denominated plaintiffs or appellants, and the Cohens and Parkwood, Inc., defendants or appellees.

After the filing of affidavits the case came on for hearing on the issue of damages on cross motions for summary judgment. It was claimed by plaintiffs that they were entitled to damages in the amount of $355,000, based on the following:

Under the contract of sale, the purchase price of the property was $1,000,-000. Plaintiffs claimed that, prior to the original settlement date, they contracted to resell the property for $1,800,000 but, because of delay of performance, the prospective purchaser had withdrawn, as he had a right to do under his contract. Thus, plaintiffs claimed, they were de-

---

1. The judgment reserved for a later trial the issue of damages.

prived of a profit of $800,000. It appears without contradiction that the market value of the property was $1,000,000 on the date the contract of August 31, 1962, should have been settled, and that the market value on February 5, 1965, when the sale was finally completed, was $1,445,000. Thus plaintiffs claimed that the difference between this latter amount and $1,800,000, the price at which they claimed they could have sold the property on the originally scheduled date of conveyance, left them damaged in the sum of $355,000. Interest thereon from December 4, 1962, was claimed and they also sought reimbursement for counsel fees.

The District Court, after argument on the cross motions for summary judgment, filed its opinion on June 9, 1966,[2] holding that plaintiffs were not entitled to receive damages for the delay in settlement and were not entitled to counsel fees. On June 30 formal judgment was entered and this appeal followed.

When the contract was breached, the case went forward as to the vendees' right to performance, and the claim for damages was severed. Thereafter the vendees filed their statement of undisputed material facts pursuant to the District Court's Rule 9(h). They specifically alleged:

> "The fair market value of the real estate on the actual date of settlement, February 5, 1965 was $1,445,000."

Despite the value as thus represented, in amount $445,000 greater than the original price, the vendees contend that the District Court erred in denying their additional claim for what they alleged they might have received had there been timely settlement in the first place.

 We do not agree. No matter what the rule in other jurisdictions may be, it has long been settled in this jurisdiction that the measure of damages for breach of a contract of sale is the difference between the contract price and the fair market value of the property.

Here, as appears above, the *undisputed* evidence is that the value of the property was $1,000,000 at the time of the original settlement date, and that the value of the property as of February 5, 1965, the date the property was actually conveyed to appellants, was $1,445,000. Compare Rogers v. Lion Transfer & Storage Co., 120 U.S.App.D.C. 186, 345 F.2d 80 (1965), where it had been contended that the trial judge had failed entirely to consider pertinent evidence, whereas appellants here would ask us to overrule Quick v. Pointer, next to be discussed.

In Quick v. Pointer, 88 U.S.App.D.C. 47, 186 F.2d 355 (1950), we had before us an appeal from a judgment of the District Court for breach of a contract to sell real estate. The contract price was $16,000. Some ten days after the contract was made, and before the settlement date, the purchaser made a contract for re-sale at $19,500. Because the original vendor did not have proper title, he was unable to conclude the sale and the vendee filed suit for damages. The District Court gave judgment for $3,500, the difference between the prices in the two contracts. In reversing, we held that the measure of damages for such a breach is the difference between the contract price and the fair market value of the property and, as there was before the court *no* evidence of the fair market value of the property, we reversed the judgment of the District Court.

In connection with its consideration of *Quick,* the District Court, in the judgment appealed from and in its opinion, note 2 *supra,* 255 F.Supp. at 305, used this language:

> "No reason appears discernible for applying a different principle where damages are sought in addition to specific performance than where action is brought solely to recover damages."

*Nor do we see any such discernible* reason. If appellants had sued for damages they would not, under *Quick,* have been entitled to damages as the evidence is that the sale price was exactly the

2. Cohen v. Lovitz, 255 F.Supp. 302 (1966).

same as the value put on the property by the expert who testified and whose testimony is accepted by both sides. *Quick* would have been on all fours with the present case. The fact that appellants elected to take the property is to our minds a *fortiori*.

Accordingly, we deny plaintiffs' claim for damages for the delay in settlement.

The defendants claim that they are entitled to counsel fees for services in connection with this litigation. We disagree.

As the District Court pointed out, in England expenditures incurred by the prevailing party are taxable as costs, including counsel fees in connection with the litigation.

In general, except where there is a valid contractual provision for award of attorney's fees, or a specific provision in a federal statute for such an award (as in admiralty cases, among others), or where a pertinent state statute so provides, the prevailing party in an action in a federal court is not entitled to counsel fees, whether by way of damages or costs. Such has been the rule long recognized by this court.[3]

In a recent case allowing a seaman suing in admiralty to recover maintenance and care and damages for failure to pay such maintenance and care, including counsel fees, the Supreme Court referred to the fact that admiralty courts are authorized to grant equitable relief, and noted that such equitable relief might be granted even when that relief is subsidiary to issues wholly within admiralty jurisdiction. Because of what the Supreme Court considered to be willful and oppressive conduct on the part of the employer, the Court allowed counsel fees, among other items, to be charged against the employer.[4]

There is no such evidence of fraud or oppression appearing in this case. So far as appears, litigation in good faith was engaged in. We do not think this an appropriate case in which to depart from the long standing rule of this and other federal jurisdictions.

There is an interesting note to Vaughan v. Atkinson, note 4 *supra*, reported in 8 L.Ed.2d 88 (1962), where many authorities are cited bearing out the principle that, except in certain specific and exceptional cases cited, attorney's fees are not taxed against the losing party.

Whether we consider the claim of appellants in regard to counsel fees as one for damages or one for costs, we hold the claim to be without merit.

The judgment of the District Court is affirmed.

Affirmed.

---

3. See, *e. g.*, Fletcher v. Coomes, 52 App. D.C. 159, 285 F. 893 (1922) ; Van Senden v. Wilkinson, 64 App.D.C. 174, 76 F.2d 151 (1935).

4. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Additionally, certain exceptional situations may be seen in cases considered and cited in Schmidt v. McCarthy, 125 U.S.App. D.C. 131, 136, 137, 369 F.2d 176, 181, 182 (1966).