**Elmer H. SAVAGE, a/k/a Elmore H. Savage, et al., Appellants,**

v.

**Charles L. PINDERHUGHES, Executor of the Estate of John W. Crusor, Appellee.**

**No. 20719.**

United States Court of Appeals District of Columbia Circuit.

Argued June 14, 1967.

Decided July 26, 1967.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., submitted on the brief for appellant.

Mr. Arthur W. Jackson, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

This is an appeal from a judgment of the District Court dismissing plaintiff-appellants' complaint for specific performance of a contract for the sale of real

---

estate and for damages, or, in the alternative, for breach of contract.

Appellee-executor, as directed by the last will and testament of John W. Crusor to sell decedent's real estate, entered into a contract with appellants for the sale of the real estate at and for the price of $11,500.00. Pursuant to D. C. CODE § 20–1103 (1961), the sale was reported to the Court, and an order *nisi* was entered directing that the sale be ratified and confirmed by the Court "unless cause be shown to the contrary on or before the 3rd day of September, 1964, at 10 o'clock A. M., at which time higher offers will be considered and objections to said sale be heard in Motions Court." Provision for publication of the order was directed, and publication was had. A guardian *ad litem* was appointed for certain of the beneficiaries under the will.

On the return day, the Probate Court rejected the sale to appellants and, over the objection of appellants, accepted a higher offer of $14,800.00. An order finally ratifying the sale was entered September 24, 1964. No appeal was taken from this order, but thereafter the instant suit was filed.

■ We find no error in the action of the Court dismissing the complaint. All procedures by the Probate Court were carried out in accordance with law, and the order of dismissal is affirmed.

■ However, the Court, in its order dismissing the complaint, allowed appellees' counsel a fee of $250.00. Recently, on May 8, 1967, in Wolf v. Cohen, 126 U.S.App.D.C. ——, 379 F.2d 477, decided subsequent to the judgment in the instant case, we ruled:

"In general, except where there is a valid contractual provision for award of attorney's fees, or a specific provision in a federal statute for such an award (as in admiralty cases, among others), or where a pertinent state statute so provides, the prevailing party in an action in a federal court is not entitled to counsel fees, whether by way of damages or costs. Such has been the rule long recognized by this court." Citing Fletcher v. Coomes, 52 App.D.C. 159, 285 F. 893 (1922); Van Senden v. Wilkinson, 64 App.D.C. 174, 76 F.2d 151 (1935).

There is here no evidence of fraud or oppressive conduct on the part of appellants which might possibly take this case out of the general rule. The entry of the judgment of $250.00 counsel fee was, therefore, error.

The judgment of the District Court will be modified to the extent of disallowing the $250.00 allowance for counsel fee and, as thus modified, will be affirmed. Costs will be assessed against appellants.

Modified and affirmed.