Gil GRADY, Plaintiff-Appellant,

v.

de VILLE MOTOR HOTEL, INC.,
Defendant-Appellee.

No. 52–69.

United States Court of Appeals
Tenth Circuit.

Sept. 4, 1969.

Delmar L. Stagner, Oklahoma City, Okl. (John T. Spradling, Oklahoma City, Okl., on the brief), for appellant.

Robert G. Grove, Oklahoma City, Okl. (Grove & Pryor, Oklahoma City, Okl., of counsel, on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HICKEY, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Grady brought this action to recover a real estate broker's commission alleged to be due him from the de Ville Motor Hotel, Inc.[1] Each party filed a motion for a summary judgment. From a summary judgment in favor of de Ville, Grady has appealed.

The facts, as shown by the pleadings, an affidavit of Grady, an affidavit of Robert G. Grove, attorney for de Ville, and a stipulation entered into between the parties are these:

Grady is a resident and citizen of Nebraska. At all times here material, he was a duly licensed real estate broker under the laws of Oklahoma.

De Ville is an Oklahoma corporation. It owned the de Ville Motor Hotel,[2] located in Oklahoma City.

On March 30, 1967, James H. Milligan, president of de Ville, in a letter to Grady, stated he understood Grady had a good prospect to purchase a motel located in Oklahoma City; that his asking price for the Motor Hotel was $550,000; and that on such amount he would pay a commission of six per cent.

On July 11, 1967, Grady procured from Ralph A. Shenk a written offer to purchase the Motor Hotel, signed by Shenk. The price offered was $510,000. Shenk gave Grady a check for $10,000. The offer stated that the balance was to be paid as follows: $65,000 in cash, to be paid on closing; the assumption of a mortgage loan on the Motor Hotel for $400,000; and Shenk's note for $35,000, secured by a second mortgage on the Motor Hotel.

The offer provided the transaction was to be closed on or before August 1, 1967. It expressly stated that the offer was conditioned on Shenk's ability to arrange for a promissory note financing of the $65,000, to be in cash to be paid at the time of closing. It further stated that the offer was subject to the written approval and acceptance thereof by de Ville on or before July 12, 1967, and that if the offer was not so accepted by de Ville, the $10,000 paid to Grady would be refunded to Shenk, and that if Shenk failed or refused to consummate the purchase, if accepted by de Ville, it might retain "all or any part" of the $10,000 deposited "as liquidated damages."

De Ville, in its amended complaint, in an action brought by it against Shenk, alleged the offer was orally accepted by telephone on July 12, 1967. Such allegation was denied by Shenk in his answer in the case. There is nothing in the record in the instant case showing any oral acceptance by de Ville. In fact, the record implies the contrary.

On July 17, 1967, Milligan called Grady's office by telephone and advised that the deal was approved and that he would mail the contract acceptance that day. An acceptance of the offer was signed and mailed to Grady by Milligan on that day. Milligan had delayed signing the acceptance until he was able to finalize the $400,000 mortgage loan to be assumed by Shenk, which was accomplished on July 14, 1967.

On July 26, 1967, Shenk and Milligan took an inventory of the Motor Hotel. On the same day, Grady advised Shenk that in his opinion there was no enforceable contract against Shenk, because the offer was not accepted until July 17, 1967.

On July 26, 1967, Shenk wrote Milligan, "As you have been advised in previous telephone conversations, we have been unable to arrange financing for $65,000 and are therefore not able to consummate the purchase" of the Motor Hotel.

On July 27, 1967, Robert G. Grove, counsel for de Ville, wrote Grady, requesting that the $10,000 check be forwarded to de Ville as liquidated damages, as provided in the offer.

On July 27, 1967, Grove also wrote a letter to Shenk, in which he stated that de Ville stood ready and willing to consummate the sale on or before August

---

1. Hereinafter called de Ville.

2. Hereinafter referred to as the Motor Hotel.

1, 1967; that de Ville had met all the requirements, stipulations and conditions required by the offer to purchase; and that if the transaction was not consummated by that date, de Ville would institute suit against Shenk for specific performance and damages. On July 27, 1967, Grady forwarded to Shenk a lease on the restaurant and club of the Motor Hotel. The offer provided that it was subject to the seller either leasing, itself, or obtaining a lease on the restaurant and club on terms specified in the offer.

A similar letter and a copy of the lease were also mailed to de Ville.

The controversy could not be resolved by negotiations and on August 2, 1967, Shenk stopped payment on the $10,000 check deposited with Grady.

On September 28, 1967, de Ville brought an action against Shenk in the United States District Court for the Western District of Oklahoma. In its complaint de Ville alleged it was worth only $450,000 and sought damages in the amount of $60,779.39. That action was settled by the parties. Shenk paid de Ville $10,000 in settlement, and the court entered an order dismissing the action with prejudice.[3]

The court sustained de Ville's motion for summary judgment, on the ground that no enforceable agreement to purchase came into being between Shenk and de Ville.

The court also held that the settlement of the action by de Ville against Shenk should not be considered in the instant action. We agree.

It is true that de Ville in its complaint against Shenk alleged he was able to borrow the $65,000, but Shenk in his answer denied that allegation, and that issue of fact was not resolved in the action against Shenk.

It is well settled, as a matter of sound policy, that the law should favor the settlement of controversies, and should not discourage settlement by subjecting a person who has compromised a claim to the hazard of having the settlement proved in a subsequent trial of another law suit by another person asserting a claim related to the controversy settled.[4]

Where an owner lists property for sale with a broker, at a stated price and terms, the broker is entitled to a commission if he procures a purchaser who is ready, willing, and financially able to buy the property at such price and terms.[5]

But where the owner lists his property with a broker for sale at a stated price and terms, and the broker receives an offer from a prospective buyer at a lesser price and upon stated terms, the offer must be accepted by the owner and all conditions reserved in the offer to render it binding on the offerer must be performed or come into being before the broker is entitled to his commission. There must exist an offer binding on the offerer, which, when accepted by the owner, ripens into an enforceable contract of purchase.

The instant case falls in the latter category.

Shenk's offer was qualified by and subject to several conditions, two of which here pertinent are:

1. The *written* approval and acceptance of the offer by de Ville on or before July 12, 1967; and

---

3. There is nothing in the stipulation for the settlement of that case or elsewhere in the record showing that the $10,000 was paid by Shenk, pursuant to the provisions in the offer for liquidated damages, as stated by counsel for Grady in his brief.

4. Bratt v. Western Air Lines, Inc., 10 Cir., 169 F.2d 214, 217, cert. denied 335 U.S. 886, 69 S.Ct. 239, 93 L.Ed. 425; Oklahoma Natural Gas Co. v. Mid-Continent Cas. Co., 10 Cir., 268 F.2d 508, 511; Gibson v. Chickasha Cotton Oil Co., 159 Okl. 291, 15 P.2d 41, 43; Continental Oil Co. v. Tigner, 189 Okl. 619, 118 P.2d 1027, 1028; Skelly Oil Co. v. Johnson, 190 Okl. 45, 120 P.2d 626, 627.

5. Quick v. Pointer, 88 U.S.App.D.C. 47, 186 F.2d 355, 356; See also, Houghton v. Duffner-Cravens Co., 175 Okl. 148, 51 P.2d 817, 818, Syllabus 2 by the Court, which in Oklahoma is the law of the case; 12 C.J.S. Brokers § 85, page 192.

2. That Shenk should "be able to arrange promissory note financing on the $65,000: closing balance."

It is undisputed that de Ville did not give written approval and acceptance of the offer until July 17, 1967.

On July 26, 1967, Shenk advised de Ville in writing that he was unable to arrange for financing the $65,000, the balance of the down payment, and that he was unable to consummate the purchase of the Motor Hotel. Prior to that date, Shenk had so advised de Ville orally by telephone. Grady did not challenge the truth of such statements by Shenk by allegation in his complaint or in his affidavit, and the stipulation was silent with respect thereto. The burden was on Grady to allege and prove that the offer ripened into an enforceable contract to purchase.

We think on the record the court was entitled to assume that neither of such conditions was fulfilled.

Hence, Shenk's offer to purchase never became binding on him, and no enforceable contract of purchase arose between Shenk and de Ville.

Affirmed.