**SUNRAY MID-CONTINENT OIL COMPANY, Plaintiff in Error,**

v.

**J. L. TISDALE, Defendant in Error.**

No. 38892.

Supreme Court of Oklahoma.

Nov. 7, 1961.

Rehearing Denied Dec. 5, 1961.

M. Darwin Kirk, J. P. Greve, Ben Hatcher, Tulsa, for plaintiff in error.

Raymond P. Stith, Fairfax, for defendant in error.

WELCH, Justice.

This appeal is by the Sunray Mid-Continent Oil Company from a judgment in favor of J. L. Tisdale for damages to land of plaintiff caused by pollution of fresh water stratum underlying said land.

The defendant Sunray Mid-Continent Oil Company first contends that the trial court erred in overruling its demurrer to the evidence and motion for instructed verdict.

In support of its contention defendant argues that the evidence adduced by the plaintiff was insufficient to show that the defendant was guilty of negligence or want of care in plugging an exploratory well on the premises of the plaintiff, or to show any causal connection between the salt water pollution of the fresh water stratum underlying the land of the plaintiff and the salt water from the defendant's exploratory well.

Plaintiff's evidence reveals that defendant drilled an exploratory well for oil on the land of the plaintiff, located about 500 feet from the home of the plaintiff, where a water well was located which was about 165 feet deep. That approximately ten months after the exploratory well was drilled the water in the well of the plaintiff became salty and unfit for domestic use. Upon examination of the location of the defendant's exploratory well salt water was found standing in the cellar around and over the top of the surface pipe at a depth of approximately 18 inches. That the soil in this area was of a sandy type and from a chemical analysis the salt contents in the water well and exploratory well were similar. That had the well been properly plugged the salt water would not have escaped from the exploratory well. The water from the well of plaintiff was good drinking water and suitable for domestic purposes prior to the drilling of the exploratory well. The defendant had difficulty with circulation to a depth of approximately 300 feet, which would indicate a necessity for greater precaution in plugging the well. It was stipulated that in drilling the exploratory well it was necessary to drill through the fresh water stratum which furnished water for plaintiff's well.

We have held that negligence may be established by circumstantial evidence. Also that where reasonable men might draw different conclusions from the evidence, the question of negligence and the question of proximate cause of the injury must be left to the jury. Sheridan Oil Co. v. Wall, 187 Okl. 398, 103 P.2d 507.

In passing on alleged error in overruling defendant's demurrer to plaintiff's evidence and request for directed verdict the evidence will be construed in the light most favorable to plaintiff, and where there is any evidence or reasonable inferences from the circumstances reasonably tending to establish a cause of action or to sustain jury's verdict and judgment based thereon, such judgment will be sustained on appeal unless shown to be contrary to law. Elk City v. Rice, Okl., 286 P.2d 275.

Our only concern here is whether the evidence which plaintiffs did adduce was sufficient to take the case to a jury. We are of the opinion that it was.

It is next contended that the trial court committed reversible error in permitting plaintiff to propound certain hypothetical questions over the objections of the defendant.

Defendant cites Oklahoma Gas & Electric Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077, 1080, to support this contention, in which it was held:

"'Hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established;

but it is not necessary that the fact should be clearly proved.' "

The facts stated in the hypothetical questions were not clearly established, however, we think they were sufficiently established to bring the questions within the above rule. Furthermore, the defendant has wholly failed to show where this was prejudicial.

Defendant complains of error in trial court excluding exhibit offered which would have shown other producing and nonproducing wells somewhat in the area involved, but of varying distances from plaintiff's land. This contention is neither supported by convincing argument nor citation of authorities, therefore same will be treated as waived or abandoned. Maddox v. Bridal, Okl., 329 P.2d 1049.

Therefore for reasons above stated, judgment is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.