CONTINENTAL OIL CO. et al. v.
TIGNER.

No. 29585.   June 10, 1941.

Rehearing Denied Nov. 18, 1941.

*118 P. 2d 1027.*

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendant in error.

GIBSON, J.   This is an action to recover damages to growing crops allegedly caused by oil and salt water flowing from defendants' leases and deposited on plaintiff's farm by spring flood waters from a stream. Verdict and judgment were for plaintiff, and defendants appeal.

Defendants complain of certain evidence pertaining to settlements made and compromises offered by them on other claims arising out of the pollution of the stream in question on prior occasions, and other testimony relating to the fact of pollution of the same stream some two years prior to the alleged damage in the instant case.

Witnesses were permitted over defendants' objection to testify concerning a certain reservoir located up stream from plaintiff's farm. By this testimony it was shown that some two years prior to the flood in question the reservoir had been filled with water from the stream and that the water then contained salt. On cross-examination of one of defendants' witnesses the plaintiff brought out the fact that defendants had settled with the owner of the reservoir and had paid for the damage caused by the aforesaid pollution. There was other evidence along this same line.

This testimony was improperly received. It clearly served to prejudice the mind of the jury and to distract their attention from the real issue. The rule may be simply stated as follows:

"The commission of an act charged against a person may not be proved by showing a like previous act to have been committed by the same person." Harrod v. Sanders, 137 Okla. 231, 278 P. 1102.

And the evidence pertaining to settlement of the claims of third parties is regarded as highly prejudicial, for, as said in Hawthorne v. Eckerson Co., 77 Fed. 2d 844:

"Courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit by another person asserting a cause of action arising out of the same transaction."

So, the fact of pollution in the instant case may not be proved merely by showing that the defendants had been guilty of polluting the stream on an occasion some two years previous.

Plaintiff contends that no proper objection was made to the above evidence. But the record shows that the defendants interposed specific objection to the testimony concerning the reservoir, and

objected to the cross-examination as being improper. These objections were sufficient to call the court's attention to the nature thereof and to acquaint counsel with the real purpose of the same. The direct examination was on matters wholly beside the issues, and the cross-examination was in no way based upon the direct testimony of the witness. Plaintiff cites no authority in support of his contention in this respect. And we cannot agree that the evidence was harmless.

We must hold that the reception of the foregoing evidence constituted prejudicial error requiring a reversal of the judgment. Other assignments will not be considered.

The judgment is therefore reversed and the cause remanded for a new trial.

CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., concur.