SKELLY OIL CO. et al. v. JOHNSON.

No. 29586.   Dec. 23, 1941.

*120 P. 2d 626.*

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendants in error.

GIBSON, J.   This is an action to recover damages to growing crops allegedly caused by oil and salt water flowing from defendants' leases and deposited on plaintiff's farm by flood waters of a stream. Verdict and judgment were for plaintiff, and defendants appeal.

The facts here are very similar to those disclosed in Continental Oil Co. v. Tigner, 189 Okla. 619, 118 P. 2d 1027. The record here is much like the record in that case, and the assignments are the same. After examining the record, we find that the cause must be reversed for a new trial for the same reasons as there given.

Over defendants' objection plaintiff was permitted to show acts of pollution on defendants' part occurring some two years prior to the time the flood waters covered plaintiff's farm, without regard to whether those acts contributed to the present condition of the stream. Here the wrongful act was allowing the stream to become polluted in such a

46

manner that it remained polluted as a result of the act up to the time of the flood.

In the Tigner Case, supra, we held this type of evidence to be prejudicial, and its reception to constitute error. The rule was there stated as follows:

"In an action for damages to growing crops allegedly arising from the pollution of a stream, such pollution may not be proved by showing that defendant had caused the stream to become polluted on a previous occasion."

Plaintiff offered evidence to show that the stream had been in a state of pollution for some time immediately preceding the flood, and was permitted to bring out evidence of settlement and compromise by defendants of similar claims of third parties arising out of such pollution. This evidence was erroneously received. We so held in the Tigner Case, as follows:

"In an action for damages arising out of an alleged tort, it is error to receive evidence of a compromise by defendant of the claim of a third party arising out of the same wrongful act."

The judgment is reversed and the cause remanded for a new trial.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.