Ruth MADDOX, Administratrix of the Estate of Frank Maddox, Deceased, Plaintiff in Error,

v.

Betty Lee BRIDAL and Ralph Bridal, Defendants in Error.

No. 37400.

Supreme Court of Oklahoma.

May 27, 1958.

Rehearing Denied Sept. 23, 1958.

B. H. Carey, Oklahoma City, and Robert W. Hoyland, Guthrie, for plaintiff in error.

Melvin F. Pierce and Pierce, Mock & Duncan, Oklahoma City, and Wilson & Wilson, Enid, for defendants in error.

PER CURIAM.

This is an appeal, on the original record, by the plaintiff from a judgment in accord with a jury verdict for defendants. The parties here occupy the same relative positions as in the trial court, and we shall continue to refer to them as they appeared there.

The accident in which the deceased received the injuries resulting in his death was a collision between an automobile driven by one Willard K. Bennett, in which he was a guest-passenger, and a vehicle driven by one of the defendants. Prior to this action, plaintiff entered into a covenant not to sue Bennett, wherein she expressly reserved her claim against these defendants. The circumstances of the accident may be briefly stated. Bennett was driving his auto north on Highway 77, about five miles north of Guthrie. Defendants, the Bridals, were going the same direction on the same highway, Mr. Bridal driving a tractor, while his wife was driving their pickup truck following the tractor, to a tract of land they intended to work. The pickup was loaded with a wheat drill and some boards which projected 8–10 feet beyond the rear of the bed of the truck. Defendants were proceeding north at a speed of 8–15 miles per hour. Bennett approached from their rear at a speed of 40–45 miles per hour. Bennett's auto struck the pickup from the rear as he was attempting to pass that vehicle. According to Bennett, the pickup suddenly moved over into the west, or left, lane of the road as he was attempting to pass, and his vehicle thereupon struck the end of the boards which projected past the rear of the pickup. Mrs. Bridal testified that she "was driving on the east side of the highway, minding my own business" when her vehicle was struck from the rear, whereupon she lost control of the truck. There was also other conflicting evidence concerning the side of the road upon which the collision occurred, whether the boards on the truck were marked with a red warning flag as required by statute, and whether Bennett was under the influence of alcohol at the time. The deceased's death from injuries he received therein occurred within hours after the collision.

The petition in error contains thirty-five assignments of error but not all

of these can be said to be within any of the propositions argued and supported by citation of authorities. Those assignments not argued are deemed to be waived. United Tire & Inv. Co. v. Trone, 189 Okl. 120, 113 P.2d 977.

Plaintiff's first proposition states that it "was the duty of the trial court to correctly and properly instruct the jury upon the decisive issues." This is conceded by defendants. The only specific action of the court urged under this proposition is the court's refusal to give a requested instruction informing the jury that "the requirements under the statutes (i. e., the statutes concerning the operation of motor vehicles) do not prescribe all the duties of the operators of motor vehicles * * *" but that they (the jury) still must determine whether the operators exercised ordinary care. Although the language quoted above does not appear in any of the court's instructions, the jury was adequately instructed that the rights and duties of the drivers of the vehicles were mutual and reciprocal and that they each owed, in the management of their vehicles, the duty of reasonable and ordinary care, which was also defined. It was not necessary to point out specifically that the statutes which involved negligence per se did not encompass all that was reasonable and ordinary care under the circumstances. Roadway Express, Inc., v. Baty, 189 Okl. 180, 114 P.2d 935, cited by plaintiff on the necessity for this requested instruction, is clearly inapplicable. There the trial court had given an erroneous instruction limiting the issue of contributory negligence to the violation of a certain statute. That is not the case here, where the issue of defendants' liability was plainly submitted on the ground of failure to use reasonable care as well as upon the possibility of negligence per se.

Next it is argued that the court's instruction on contributory negligence was erroneous. The argument is that the instruction was excessively long, an incorrect statement, confusing and argumentative, invaded the province of the jury, and contained irrelevant statements on the law of comparative negligence. The instruction was somewhat lengthy, but it contained no misstatement of the law of contributory negligence. The definition contained in the instruction is almost identical to that given in St. Louis & S. F. Ry. Co. v. Elsing, 37 Okl. 333, 132 P. 483. The vice of the instruction, from plaintiff's point of view, seems to be that it stated all the law applicable to the issue in the one instruction, but we have found no inaccurate statement therein concerning contributory negligence, its effect on the plaintiff's claim if proved, or the party on whom rests the burden of proof on this issue. The statement in the instruction on comparative negligence was unnecessary. That doctrine is inapplicable in this state. But we do not perceive how the inclusion of this matter in the instruction has prejudiced plaintiff. The jury was plainly told that the doctrine was not the law of this state and that they were only to determine if deceased had been contributorily negligent, not the degree of contributory negligence, if any. This was, at most, harmless error. Noteworthy too, is the fact that plaintiff submitted no instruction covering the issue of contributory negligence.

Error is also predicated upon the failure of the court to give an instruction on reckless driving upon which plaintiff submitted a requested instruction substantially in the language of 47 O.S.1951 § 121.-3(j). First, it was not error to refuse the instruction, as submitted, for the reason that it was an incomplete statutory definition wherein reference was made to another provision not set forth in the instruction. It is not error to refuse a requested instruction which cannot be given without correction or modification. Magnolia Pet. Co. v. Barnes, 198 Okl. 406, 179 P.2d 132. But, in addition, it was not error to fail to instruct on reckless driving, as defined by the statute, for the reason that, to establish negligence per se under the provisions of this statute, the jury would first necessarily conclude that defendants were guilty of ordinary common law negligence. The provisions of the stat-

ute applicable to this action do not establish objective standards, a violation of which renders the driver criminally responsible, but instead define reckless driving as driving a vehicle "in a careless or wanton manner" or at a speed that is not "careful and prudent * * * reasonable and proper * * *", or which is greater than "will permit him to bring it to a stop within the assured clear distance ahead." The last provision is clearly inapplicable to defendants, for one of plaintiff's complaints is that defendants were driving too slow. The remaining provisions of the statute prescribe no less than the driver's duty under our established rules of common law negligence, on which the jury was instructed; therefore, a further statement of the issue as negligence per se would have made the instructions to that extent redundant. We pointed out in Townsend v. Cotten, 180 Okl. 128, 68 P.2d 790, 792, in speaking of this section prior to the 1949 amendment: "The driver must necessarily be found guilty of negligence, or negligent driving before he can be found guilty of violating the statute."

■ We are likewise urged to reverse for failure of the court to "* * * clearly instruct the jury of the issue and law of joint tort feasors * * *". Exception is taken to the court's instruction on this issue and the refusal of the court to submit plaintiff's requested instruction. Plaintiff's requested instruction is subject to the same criticism of excessive length which she noted regarding the court's instruction on contributory negligence. But though the requested instruction may not have been improper, the court's instructions adequately covered this issue and the refusal to give the requested instruction was not error. By its instruction six, the trial court told the jury that where separate or independent acts of negligence of several persons combine to produce directly a single injury, each actor is responsible for the entire result even though his act alone might not have caused the injury. In its instruction sixteen, the court further stated that the settlement with Bennett did not relieve the defendants from responsibility for the damages except to the extent of the amount paid plaintiff by Bennett. These instructions adequately covered the issue and contained no error harmful to plaintiff. All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424.

■ Next it is argued that the court erred in failing to define "under the influence of intoxicants" as used in stating the issues made by the pleadings in which the defendants' answer alleged that the deceased was contributorily negligent by riding with Bennett "whose driving ability had been impaired by the effects of intoxicating liquors." The court's language on this appeared only in the summation of the issues made by the pleadings. The instruction on contributory negligence contained no specific reference to the allegation. We conclude that no prejudicial error is presented by this assignment. The issue on this evidence was deceased's contributory negligence, not whether Bennett was negligent per se by being in violation of the statutes. Contributory negligence was adequately defined in general terms so as to submit several aspects of the deceased's conduct at the time of the accident. If plaintiff desired a more complete instruction, so as to define the phrase "under the influence of intoxicants" a requested instruction covering the matter should have been submitted. This was not done. We will not reverse a judgment on a jury verdict because some instruction may not fully state the law when the instructions as a whole correctly state the law applicable to the facts. Southern Drilling Co. v. McKee, 171 Okl. 409, 42 P.2d 265. It is suggested that there was no evidence to justify submission of that issue. But there was some evidence by a person who observed Bennett when he picked up the deceased in Guthrie, just prior to the accident, that tended to prove that Bennett was somewhat intoxicated. Bennett admitted drinking some beer. Of course, the evidence on the point was conflicting.

Finally, it is urged that the judgment should be reversed for "cumulative" errors of the court. This proposition merely presents a recapitulation of the assignments presented in the propositions heretofore discussed. Naturally our disposition of those propositions disposes of this one too.

Affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.