Argued December 3, 1973, affirmed March 7, 1974

KUFFEL, *Appellant, v.* REISER ET AL, *Respondents.*
519 P2d 365

*Dwight L. Schwab,* Portland, argued the cause for appellant. On the briefs were Williamson & Whipple, St. Helens; and Hutchinson, Schwab, Burdick & Hilton, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents. With him on the brief were Wayne A. Williamson, Mark H. Wagner, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL,* Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

BRYSON, J.

Plaintiff brought this wrongful death action which arose out of an automobile accident between the vehicle of Leonard Kuffel and a truck and trailer driven by defendant Kinney, an employee of defendant Reiser. Plaintiff's complaint charged defendants with negligence in several respects, and defendants' answer charged plaintiff with contributory negligence. Mr. Kuffel died of a heart attack shortly after the accident. The jury returned a general verdict in favor of defendants and plaintiff appeals.

The accident occurred on the morning of March 31, 1969, at the intersection of Old Portland Road and Kaster Road in St. Helens, Oregon. Approaching this intersection from the south, Kaster Road consists of three lanes; conforming to their designation at trial, we refer to these lanes, from east to west, as lanes four, five, and six. Lane six carries southbound traffic only. Northbound traffic usually travels in lane four to proceed north on Kaster Road, or to turn east onto Old Portland Road. Lane five is used most frequently by vehicles turning west, or to the left, to proceed on Old Portland Road. A traffic light controls entry into the intersection.

Both vehicles were traveling north on Kaster Road. Defendant Kinney was driving a truck and trailer approximately 50 to 55 feet in length. Mr. Kuffel was driving a 1962 Chevrolet automobile.

---

* O'Connell, Chief Justice, did not participate in the decision of this case.

Defendant Kinney testified that he stopped for the red light in lane four (the right-hand lane), signaled a right turn, and when the light turned green he checked for traffic and commenced the turn at a speed of two to three miles per hour. As he crossed the center line on Old Portland Road he felt the trailer "wiggle." He assumed he had run over several small logs just off the right-hand side of the pavement which the owner of the corner tavern had placed there. After maneuvering the truck into a wider turn, Kinney glanced in his right rearview mirror and saw that the right side of the trailer and wheels had collided with the left rear portion of the Kuffel vehicle. Kinney got out of his truck and talked to Mr. Kuffel and called the police. Mr. Kuffel was suffering from a heart ailment and collapsed from an apparent heart attack some fifteen to twenty minutes after the accident.

Plaintiff's first assignments of error contend that the court erred in denying plaintiff's motions to strike two specifications of contributory negligence in defendants' answer and in instructing the jury on these allegations. The allegations charge plaintiff's decedent with contributory negligence (1) "In attempting to pass defendants' vehicle at an intersection of highways when said movement could not be made in safety"; and (2) "In attempting to pass defendants' vehicle on the right at a time when the driver was signalling for a right turn and engaged in turning to the right."

■■ In determining if there is any substantial evidence to support these allegations we review the evidence in the light most favorable to defendants. *Hess v. Larson*, 259 Or 282, 284, 486 P2d 533, 534 (1971). Defendant Kinney and the deceased driver, Kuffel, dis-

cussed the accident immediately after it happened. Kinney testified:

"* * * I asked him [Kuffel], sir what are you doing there. And he says, I was going to go around you. He said, I thought that you was going to go straight ahead. I turned back to the truck and pointed at it and said, didn't you see my turn signals and he said no, I never looked; I never seen them; I didn't pay any attention. * * *"

This and other evidence in the record, including photographs of the scene and the vehicles, support the inference that Mr. Kuffel may have attempted to overtake and pass the truck on the right and enter the intersection before the large truck could respond to the green light. We find that the rulings on plaintiff's motions and the instructions to the jury were fully supported by the evidence.

Plaintiff charged defendants with negligence in failing to keep a proper lookout and in failing to keep their vehicle under control, along with other specifications of negligence. After both parties rested their case, the court on its own motion struck the allegation concerning lack of control and instructed the jury to disregard it. Both parties submitted all of their evidence to the jury. This ruling and instruction are assigned as error by the plaintiff.

■ ■ The withdrawal of the allegation of lack of control was tantamount to a ruling that in view of all of the evidence defendants were not guilty of a lack of control, or that their lack of control was not a proximate cause of the collision. *Carter v. Moberly*, 263 Or 193, 204, 501 P2d 1276, 1281 (1972). We review all the evidence to determine whether the record supports plaintiff's position. *See Rogers v. Green*, 241 Or 435, 437,

406 P2d 553, 554 (1965); *Krening v. Flanders,* 225 Or 388, 390-91, 358 P2d 574, 576 (1961).

Police Officer Paul Cade, who arrived at the scene after the accident, testified that he spoke with both drivers and was told that Kuffel was in lane four and Kinney was in lane five when Kinney commenced his turn. According to Cade, Kinney stated that he had to be in the middle lane to negotiate the right turn from Kaster Road onto Old Portland Road. Cade testified that Kuffel stated that "the truck just pulled to the right" and forced him off the road.

There was additional evidence that Kinney was unable to see traffic to the right of the truck in the right rearview mirror due to the slight angle at which Kinney stopped the truck at the intersection. Despite this lack of visibility, Kinney immediately turned right when the light turned green. When he felt the trailer "wiggle," he did not stop the truck to determine what he had hit, but, instead, continued to turn the corner and traveled 50 feet from the moment of the collision until the time he learned of the accident and stopped. During this time Kinney was unable to see that his trailer had collided with Kuffel's vehicle.

■ Plaintiff contends that these facts raise a jury question on the issue of whether or not Kinney was in control of the truck and trailer. Assuming arguendo that this contention is correct, we do not agree that the error in withdrawing the issue of control from the jury was reversible error. In order to warrant reversal, a ruling of the trial court must be not only erroneous but also prejudicial. *Edvalson v. Swick,* 190 Or 473, 227 P2d 183 (1951).

■■ This court has stated that allegations of lookout and control are related, and in most cases it is proper, if not necessary, for the jury to consider them

together. *See Hess v. Larson, supra* at 289. *See also, Rogers v. Green, supra* at 439-40. However, in *Rogers* we noted that this rule is not absolute. The following cases stand for the proposition that a refusal to submit an allegation of negligence to the jury may not be reversible error if the jury could consider the substance of the excluded allegation under other specifications of negligence and related jury instructions:[1] *Johnson v. Bennett,* 225 Or 213, 357 P2d 527 (1960) ; *Miller v. Harder,* 240 Or 418, 421, 402 P2d 84, 85 (1965) ; *Krening v. Flanders, supra.* In the present case, the substance of plaintiff's allegation concerning control could have been considered by the jury under other allegations of negligence in the complaint. Plaintiff also charged defendants with negligence "[i]n turning from a direct line of travel without first seeing that such movement could be done in safety." With respect to this allegation, the court instructed the jury as follows:

"* * * The Oregon law in this particular case provides that:
'The driver of any vehicle upon a highway before starting, stopping, or changing lanes or turning from a direct line shall first see that such movement can be made in safety.' * * *"

■ If defendant Kinney was not in proper control of the truck, the lack of control was produced by an

___

[1] Where error is assigned on the basis of the trial court's refusal to submit an issue to the jury, we insist that the error, if any, be prejudicial, regardless of whether the court's action consisted of withdrawal of one of the specifications of negligence or of a refusal to instruct the jury on the question. *See, e.g.,* Holmgren v. Westport Towboat Co., 260 Or 445, 490 P2d 739 (1971) (refusal to instruct on duty to provide tug crew a safe place in which to work held not prejudicial in light of other instructions); Mayor v. Dowsett, 240 Or 196, 236, 400 P2d 234, 252 (1965) (exclusion of two allegations of negligence held proper because they were merely elaborate duplications of another allegation of negligence which was submitted).

improper lookout on his part. There was no allegation of excessive speed. Plaintiff contends that even though Kinney was moving slowly, two to three miles per hour, when the accident occurred, he should not have moved at all because he could not see, and that because he commenced and completed the turn without a proper lookout, the truck was not under proper control.[2] From the evidence it can be seen that defendants' lack of control, if any, consisted of performing the right turn without first having seen that the turn could be made in safety. The specification of negligence quoted above clearly encompassed this conduct. A separate allegation of lack of control would have added no new dimension to the jury's assessment of the facts, and the jury had all of the facts before the court removed the issue of control. For this reason, we do not believe that plaintiff was prejudiced by the court's refusal to submit the issue of lack of control to the jury.

Affirmed.

[2] The following is a synopsis of the evidence plaintiff marshals in her brief in support of her contention that defendant Kinney did not have control of the truck and trailer:

"Defendant could not see the vehicle in his rear view mirror before he started his truck into the right turn * * *. Without knowing the whereabouts of the Kuffel vehicle, the defendant made an immediate right turn when the traffic light turned green * * *. Before starting out the defendant did not ascertain that there was no one to his right who would be hit by the trailer * * *. Defendant hit Kuffel's vehicle after defendant had proceeded some 20 to 30 feet * * *. Defendant knew he had hit something, but he assumed it was the logs off the edge of the highway * * *. So defendant continued on for another 50 feet, until the front of his truck was some 50 feet beyond the building in the southeast corner of the intersection, and his entire rig was out on Old Portland Road * * *. The first time defendant saw Kuffel's car was when it was off the highway in front of the building on the southeast corner of the intersection * * *.

"The foregoing facts clearly show that there was a jury question as to whether defendant had control of his truck."