**Wanda SHARP, Plaintiff,**

v.

**Henry HALL, Defendant.**

**No. 77–369–C.**

United States District Court,
E. D. Oklahoma.

Dec. 1, 1978.

---

Jim D. Spears, Fort Smith, Ark., Andrew Wilcoxen, Muskogee, Okl., for plaintiff.

Richard D. Gibbon, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Plaintiff's Motion For New Trial with supporting Brief and Defendant's Brief in opposition to said Motion, the Court finds, in its discretion, that Plaintiff's Motion For New Trial should be overruled.

Plaintiff Wanda Sharp was a passenger in a car driven by Cindy Yocum. The Yocum car collided with a car driven by Defendant Hall. Plaintiff Wanda Sharp settled her claim against Yocum, her driver, on a covenant not to sue and brought this action against Hall.

As one of his defenses herein Defendant Hall alleged that the accident was caused by the sole negligence of Plaintiff's driver, Yocum. Defendant had the burden to prove this affirmative defense by a preponderance of the evidence. It was also indicated by the pretrial conference order on file herein that Yocum would be a witness in the case called on behalf of the Plaintiff.

Prior to the start of the trial a discussion was held by the Court with the attorneys for the parties. Plaintiff acknowledged the settlement with Yocum under a covenant not to sue but did not wish the jury advised of the same in any way. Defendant wished the settlement and the amount thereof brought to the attention of the jury.

In the circumstances of this case as aforesaid and in the discretion of the Court, the Court determined that the fact of the settlement between Plaintiff and her driver Yocum could be divulged to the jury but the amount thereof should not be divulged. This is the sole alleged error upon which Plaintiff relies in her motion for a new trial.

The Court advised the attorneys that it would properly instruct the jury that joint tort feasors are each liable to one injured by their joint torts and would also instruct the jury to ascertain the total amount of Plaintiff's damages resulting from the collision involved herein under the evidence and instructions on the measure of damages. It was understood that should a verdict be

returned for Plaintiff it would be appropriately reduced or shown to be satisfied in the judgment to be entered thereon by the Court by crediting the amount of Plaintiff's settlement with Yocum.

There appears to be no Federal rule applicable to this situation. State courts across the land have proceeded differently. Some have allowed the jury to be fully advised of the settlement and directed to deduct the amount thereof from any finding of total damages for Plaintiff if total damages are greater than the settlement. Some have allowed no mention to the jury of the fact of settlement in any regard with the Court to treat with the same in entering judgment on a verdict of the jury in favor of Plaintiff. Some have allowed the jury to be advised of the fact of such settlement but have not allowed information to be divulged to the jury as to the amount of the settlement with the jury instructed to find total damages sustained if its verdict is in favor of the Plaintiff and the Court to give consideration to the settlement and the amount thereof in entering judgment on a verdict of the jury in favor of the Plaintiff. *See* 94 A.L.R.2d 352.

■ The Court concluded that this matter is one resting in the sound discretion of the trial court which should use its best judgment as to which procedure is more appropriate under the circumstances of the particular case.

■ In the exercise of such discretion in this case the Court determined that the last procedure above mentioned was most appropriate. This decision was based on the facts that Defendant was claiming that the negligence of Yocum was the sole cause of the accident and in discharging his burden of proof as to this affirmative defense De-

fendant should be entitled to show that Yocum had paid money damages to Plaintiff, the relationship of the parties (the Plaintiff and Yocum being relatives), and as having bearing on the weight and credit to be given to the anticipated testimony of Yocum, a witness for Plaintiff, as to the circumstances of and responsibility for the accident.[1]

The Court is of the opinion that the Oklahoma Supreme Court would approve this determination of this Court under the circumstances of this case. Oklahoma appears to have approved allowing the jury to know of the settlement with advice that it did not relieve a Defendant from responsibility except to the amount paid Plaintiff by a joint tort feasor. *Maddox v. Bridal*, 329 P.2d 1049 (Okl.1958). *Also see All American Bus Lines v. Saxon*, 197 Okl. 395, 172 P.2d 424 (Okl.1946) where it appears that the Oklahoma Supreme Court approved a procedure whereby the jury was advised of the settlement and the payments received by the Plaintiff.

In any event, it is believed that the procedure to be followed in this regard is within the sound discretion of the trial court and that in the circumstances of this case the procedure decided upon by the Court was the most appropriate.

Accordingly, Plaintiff's Motion For New Trial predicated solely upon alleged error of the Court in the manner in which the settlement of Plaintiff with her driver was handled in the jury trial should be overruled and it is so ordered this 1st day of December, 1978.

---

1. Rule 408 of the Federal Rules of Evidence specifically states that while evidence of a compromise is not admissible to prove liability, "This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness . . ." Rule 408 codifies a trend in case law that permits cross-examination concerning a settlement for the purpose of impeachment. *Reichenbach v. Smith*, 528 F.2d 1072 (Fifth Cir.

1976); 161 A.L.R. 395 (cases cited); Advisory Committee Notes to Rule 408; McCormick, *Evidence*, § 274, at 665 (2d ed. 1972). *See Hardware Mutual Insurance Co. v. Lukken*, 372 F.2d 8 (Tenth Cir. 1967); *Frierson v. Hines*, 426 P.2d 362 (Okl.1967). *Also see* 12 Okl.Stat. (1978 Supp.) § 2408, effective October 1, 1978, which, with minor grammatical alterations, is virtually identical to Rule 408 of the Federal Rules of Evidence.