Argued April 25, affirmed September 17,
reconsideration denied October 25, 1979
petition for review denied January 15, 1980 (288 Or 335)

YARDLEY,
*Appellant-Cross-Respondent,*
*v.*
RUCKER BROTHERS TRUCKING,
INC., et al,
*Defendants,*
WESTATES FLAGMAN ESCORT,
INC., et al,
*Respondents-Cross-Appellants.*
(No. 76-2947, CA 11805)

YARDLEY,
*Appellant-Cross-Respondent, v.*
RUCKER BROTHERS TRUCKING,
INC., et al,
*Defendants,*
WESTATES FLAGMAN ESCORT,
INC., et al,
*Respondents-Cross Appellants.*
(No. 76-2948)
(Cases Consolidated)
600 P2d 485

[239]

Stuart M. Brown, Eugene, argued the cause for appellants-cross-respondents. With him on the brief was Young, Horn, Cass & Scott, Eugene.

Michael E. Long, Eugene, argued the cause for the respondents-cross-appellants. With him on the brief was Flinn, Brown & Roseta, Eugene.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

These two cases, consolidated for trial and appeal, arose out of a motor vehicle accident. Plaintiff James Yardley suffered serious physical injuries when his vehicle collided with a truck. He sued for damages. Plaintiff Barbara Yardley sued for loss of consortium. The defendants originally were: Rucker Brothers Trucking, Inc.; Hayes Truck Lines, Inc.; the truck drivers, Delmar Janke and Robert Swigart; and Westates Flagman Escort, Inc. and its employe, Lawrence Edmunson. Prior to trial, plaintiffs settled with Rucker Brothers Trucking, Hayes Truck Lines, Swigart and Janke for $275,000. Plaintiffs' actions proceeded to trial against only the remaining defendants, Westates Flagman Escort, Inc. and Edmunson.

The jury returned a verdict in favor of James Yardley in the amount of $75,000, and in favor of Barbara Yardley in the amount of $26,667—both figures supposedly the jury's assessment of plaintiffs' total damages. Because the prior settlement exceeded the verdicts, pursuant to ORS 18.445 the trial court entered judgments for defendants, Westates Flagman Escort, Inc., and Edmunson.

Plaintiffs appeal, assigning as error: (1) the trial court's ruling that the jury could be informed that plaintiffs had settled with four of the defendants, but could not be informed of the amount of the settlement or that its verdict against the remaining defendants would be reduced by the amount of the settlement with the prior defendants; (2) the court's refusal to give a requested instruction on concurrent negligence; and (3) the court's refusal to admit plaintiffs' evidence of loss of future income unless plaintiffs also introduced evidence on the present value of future income. Defendants cross-appeal, assigning as error the trial court's refusal to grant them a directed verdict. We affirm.

[241]

## I

ORS 18.455(1)(a) provides that a plaintiff's settlement with some but not all of the defendants in a case "reduces the claim against the [remaining defendants] to the extent of "the amount of" the settlement.[1] Oregon appellate courts have not previously ruled on the procedures to be employed to effectuate this statute.

ORS 18.455(1)(a) is based upon the Uniform Contribution Among Tortfeasors Act. Annotation, 94 ALR2d 352, 359 (1964). In other states that have adopted the Uniform Act, there is considerable conflict over whether the settlement credit is to be done by the court or by the jury. 94 ALR2d at 357. The Commissioners' Note to the relevant language of the Uniform Act, quoted in 94 ALR2d at 359, states a preference for the court to deduct the amount of the settlement after the jury returns a verdict for the full amount of the plaintiff's damages. Despite this legislative history, about half the states that have considered the question permit or require the jury to deduct the amount of the settlement before returning a verdict.

■ We conclude the better rule is, and hold, that the settlement credit function is for the court, not the jury. We regard this as analogous to comparative negligence cases in which the court reserves the function of making the mathematical calculations required by a jury's verdict.

---

[1] ORS 18.455(1) provides:

"When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the great; and

"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

Various pleading, evidence and jury instruction rules follow from the allocation of the settlement credit function to the court or to the jury. If crediting were to be done by the jury—an approach we here reject—then the parties would have to plead and prove the existence and amount of the settlement, and the court would have to instruct the jury about how to perform the settlement credit function. Given, however, our conclusion that crediting is to be done by the court, then it follows that *either:* (1) evidence is not admissible about the existence or amount of the settlement; *or* (2) in appropriate circumstances evidence of the existence of the settlement can be admitted—for for example, to explain why likely defendants are not in the case[2]—provided that the court then instructs the jury in unequivocal language to disregard the settlement and return a verdict for the full amount of the plaintiff's damages.

■ Applying our analysis of ORS 18.455(1)(a) to the present case, we find no reversible error. On the eve of trial, plaintiffs tendered supplemental and amended complaints in which they alleged the existence and amount of their settlement with four of the original defendants. Plaintiffs seemingly were taking the position that the settlement credit function was for the jury; in any event, plaintiffs were clearly contending that the jury should learn of both the existence and amount of their settlement. The court ruled pretrial that it would perform the settlement credit function, that the jury could be informed of the existence of the settlement, but that the jury could not be informed of the amount of the settlement. As stated above, we agree that crediting the amount of the prior settlement was a function for the court, not the jury. As also stated above, we think it follows that evidence of the amount of the settlement is inadmissible before a jury.

[2] Plaintiffs' counsel argued to the trial court:

" * * * I think we would be entitled to explain what happened to those people, to those defendants, why they are not in the case * * *."

■ Depending upon the circumstances, it might be proper or improper for evidence to be admitted before the jury of the existence of a prior settlement. In this case, given that plaintiffs took the position before the trial court that the jury should be told of both the existence and amount of the settlement, we fail to see how plaintiffs can now claim that the trial court erred in allowing part of their request.

■ ■ But if evidence of a prior settlement is admitted, we have concluded the court must unequivocally instruct the jury to disregard the settlement and return a verdict for the full amount of the plaintiff's damages. Here, the court instructed the jury to "arrive at the amount of such damages without regard to any of the other defendants formerly in the case." During the instructions on comparative negligence, the court also told the jury to assess "the plaintiff's total money damages." These instructions approach—but do not meet—the standard we require. What is missing is a specific mandate for the jury to disregard the settlement in arriving at its verdict. However, plaintiffs took no exception to the court's instructions on this point, and did not request an additional or different instruction on this point.

Also missing is a statement that the court will perform the settlement credit function when entering judgment. However, plaintiffs did not request an instruction to this effect or except to the failure to give such an instruction. Plaintiffs now argue that the court's pretrial ruling that it would perform the settlement credit function foreclosed them from requesting an instruction informing the jury that the court would perform the settlement credit function. The logic of that argument escapes us.

In sum, any deficiencies in the application of ORS 18.455(1)(a) in this case present no reversible error.

## II

Plaintiffs next assign error to the trial court's refusal to give the following requested instruction:

"When the negligence of two or more persons concurs in causing damage to another, each such person is liable for the entire damage regardless of the relative degree to which he (or she) has contributed to it."

Plaintiffs argue that without this instruction, the jury would not know that defendants Westates Flagman Escort and Edmunson were liable for all damages caused by their negligence, regardless of their degree of fault as compared with other former defendants who had settled with plaintiffs prior to trial.

We consider this claim of error in light of the instructions as a whole. *Hansen v. Bussman*, 274 Or 757, 549 P2d 1265 (1976). The trial court instructed the jury, insofar as pertinent here, as follows:

" * * * In order for the plaintiff to prevail on his or her claims, he or she must prove by a preponderance of the evidence that the defendants were negligent in at least one respect charged in the complaint filed against the defendants which was a cause of damage to the plaintiff * * *.

"I instruct you that an act or omission is a cause of damage when, in a direct and unbroken sequence, it produces the damage.

"Many factors or the conduct of two or more persons may operate concurrently, either independently or together, to cause an injury, and in such case, each may be a cause of the damage even though other factors or conduct would have themselves been sufficient to cause the same damage.
" * * * * *

"If you find that either plaintiff is entitled to recover damages against the defendants Westates Flagman Escort, Inc., and Lawrence Edmunson, you are instructed to arrive at the amount of such damages without regard to any defendants formerly in the case."

■ The instruction that the jury was to calculate damages "without regard to any other defendants formerly in the case" was requested by plaintiffs. That instruction directed the jury not to compare defendants' negligence with any negligence of the former defendants who settled with plaintiffs. Further, the instructions on comparative negligence instructed the jury to compare James Yardley's negligence with the negligence of Westates Flagman Escort and Edmunson, the combined negligence totaling 100 percent, and to calculate plaintiffs' total money damages. We conclude these instructions as a whole would not have misled the jury into comparing the remaining defendants' negligence with that of the former defendants. The instructions as given adequately covered the substance of the requested instruction. As the court stated in *Bowlds v. Taggesell Pontiac*, 245 Or 86, 95, 419 P2d 414 (1966):

> " * * * While plaintiff is entitled to present to the jury her theory of the case through the court's instructions, it is not error for the court to refuse to present those theories in the words desired by either of the parties so long as the instructions adequately and accurately state the applicable law. This is so despite the fact that the requested instruction submitted by plaintiff may have constituted an accurate statement of the law."

The trial court did not err in refusing to give the requested instruction.

### III

■ ■ Finally, plaintiffs contend that the trial court erred in ruling that plaintiffs' proof of future lost wages and benefits would not be received unless plaintiffs presented evidence as to the reduction of the amount to present value. Plaintiffs subsequently introduced expert testimony regarding reduction to present value. In order to warrant reversal, a trial court's ruling must be not only erroneous but also prejudicial. *Kuffel v. Reiser*, 268 Or 152, 519 P2d 365 (1974). Assuming without deciding that the trial court erred in placing

on plaintiffs the burden to present evidence on reduction to present value, plaintiffs have not shown any prejudice arising from the ruling.

In view of our disposition of plaintiffs' assignments of error, we do not reach defendants' cross-appeal.

Affirmed.

**GILLETTE, J.,** dissenting.

I concur with the rule of law laid down by the majority, but disagree with the disposition made of this case. By our decision today we are telling the plaintiffs:

> "You are right when you suggest that you did not receive a fair trial because the trial court did not adequately explain how the jury was to treat the fact that you had settled with certain of the defendants. You are also right in noting this was a question of first impression so that it would be difficult—if not impossible—to predict which combination of requested instructions and objections to instructions would preserve the precise legal position this court now adopts. Nonetheless, you lose."

I would not, in a case of first impression such as this one, hold plaintiffs to the exacting standards of specificity we apply concerning more settled principles of law. Normally, we only require precision. Today's decision requires prescience. I would grant plaintiffs a new trial and therefore respectfully dissent.