Betty Louise CLEERE, Appellant,

v.

UNITED PARCEL SERVICE, INC., Appellee.

No. 57877.

Court of Appeals of Oklahoma, Division No. 3.

May 10, 1983.

Rehearing Denied May 31, 1983.

Certiorari Denied Sept. 20, 1983.

Released for Publication by Order of Court of Appeals Sept. 23, 1983.

Darrell E. Williams, Tulsa, for appellant.

Jack M. Thomas, Patricia K. Lamb, Tulsa, for appellee.

HUNTER, Judge:

This appeal arises from a suit for damages for personal injury resulting from a four-car accident. The circumstances surrounding the accident itself are immaterial to the issue raised on appeal. Plaintiff Cleere, appellant here, initially brought suit against three defendants, alleging that the concurrent negligence of all three was the proximate cause of her injuries. Prior to trial, appellant Cleere settled her claim against two of the defendants for consideration in the amount of $46,500, and as a result thereof, executed a release and dismissed her suit as to those two tortfeasors, reserving her claim against defendant United Parcel Service, Inc., the appellee. A United Parcel's truck was one of the vehicles involved in the accident. At trial, after the appellant had rested her case, appellee was allowed, despite the objections of the

appellant, to introduce evidence to the jury pertaining to the release executed by the appellant concerning the other two tortfeasors, including the amount given in consideration therefor. Although the complete transcript of the trial was not designated for appellate review, it appears from the record and briefs before this Court that appellee's case was limited solely to the introduction of the evidence regarding the release of the two absent tortfeasors. The jury returned a verdict in favor of the appellee. The appellant contends, on appeal, that it was reversible error for the trial court to allow the appellee to introduce evidence pertaining to the release of the two absent tortfeasors and the amount given in consideration therefor.

Although there is case law concerning this issue, much of which constitutes dicta, see, e.g., Cox v. Kelsey-Hayes Co., 594 P.2d 354, 358 (Okl.1978) (a case concerning the validity of "Mary Carter" agreements in Oklahoma), it appears that this issue has not been squarely addressed or dealt with by an Oklahoma appellate court. In *All American Bus Lines v. Saxon,* 197 Okl. 395, 172 P.2d 424 (1946), the Oklahoma Supreme Court did seem to approve of, or at least did not find error in that case with regard to, the procedure employed therein whereby the jury was advised of the fact that the plaintiff had entered into settlement with another party and the payment received for so doing. However, the precise issue presented to the Court in that case was whether the jury verdict was excessive since the instructions to the jury failed to inform the jury of the settlement and of the credit to be made against plaintiff's recovery because of such. The Court simply held that the defendant had overlooked the instruction covering the measure of damages wherein the jury was informed that in determining the amount of compensation to which plaintiff was entitled, the jury should consider the settlement payment previously received by the plaintiff. *See also, Maddox v. Bridal,* 329 P.2d 1049 (Okl.1958) (citing *All American Bus Lines, supra.*) For that reason, and others to follow, we do not find the *All American Bus Lines* decision to be dispositive of the issue raised herein. On the other hand, the Oklahoma Supreme Court has held that it was error to admit evidence of a compromise by a defendant of a third-party claim arising out of the same act to prove substantive facts. *Skelly Oil Company v. Johnson,* 190 Okl. 45, 120 P.2d 626 (1941); *Continental Oil Co. v. Tigner,* 189 Okl. 619, 118 P.2d 1027 (1941). *But cf. Gibson v. Chickasha Cotton Oil Co.,* 159 Okl. 291, 15 P.2d 41, 43 (1932), wherein the Court stated that "[t]he settlements were necessarily introduced" and held that the trial court did not err in giving a cautionary instruction that the settlement could not be considered by the jury in determining whether the defendant was negligent.

In any event, this appears to be the first time the issue has arisen since the advent of Oklahoma's adoption of an evidence code, 12 O.S.1981 §§ 2101–3103, and the rule of contribution among tortfeasors, 12 O.S.1981 § 832. In enacting the statutory rule of contribution among tortfeasors, the Oklahoma Legislature has simply adopted for Oklahoma a major portion of the Uniform Contribution Among Tortfeasors Act. *Compare* 12 O.S.1981 § 832 *with Uniform Contribution Among Tortfeasors Act,* 13 U.L.A. §§ 1–9 (1959). Subsection H of 12 O.S.1981 § 832, which is the pertinent statutory language for the purposes of this case, is a direct statutory codification of section 4 of the uniform act, *Uniform Contribution Among Tortfeasors Act,* 13 U.L.A. § 4 (1959), except that the language "not to enforce judgment" of the uniform act has been changed to "similar agreement" in our statute. Subsection H provides:

When a release, covenant not to sue or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; *but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in*

*the amount of the consideration paid for it, whichever is the greater;* and

2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor. [Emphasis added.]

As in other states which have adopted this provision, the Legislature has left it to the Court to promulgate the procedure to be employed to effectuate the statute. In other states that adopted the Uniform Act or portion thereof, and even in those states which have not adopted the Act, there is considerable conflict over whether settlement credit is to be done by the court or the jury. *Young v. Verson Allsteel Press Co.,* 539 F.Supp. 193 (E.D.Penn.1982); *Sharp v. Hall,* 482 F.Supp. 1 (E.D.Okl.1978); *Yardley v. Rucker Bros. Trucking, Inc.,* 42 Or.App. 239, 600 P.2d 485, 487 (1979); 94 A.L.R.2d 352. As stated in *Sharp, supra,* at 2:

State courts across the land have proceeded differently. Some have allowed the jury to be fully advised of the settlement and directed to deduct the amount thereof from any finding of total damages for Plaintiff if total damages are greater than the settlement. Some have allowed no mention to the jury of the fact of settlement in any regard with the Court to treat with the same in entering judgment on a verdict of the jury in favor of Plaintiff. Some have allowed the jury to be advised of the fact of such settlement but have not allowed information to be divulged to the jury as to the amount of the settlement with the jury instructed to find total damages sustained if its verdict is in favor of the Plaintiff and the Court to give consideration to the settlement and the amount thereof in entering judgment on a verdict of the jury in favor of the Plaintiff.

In *Sharp,* the federal district court in a diversity action, although recognizing the cases of *Maddox* and *All American Bus Lines, supra,* decided by the Oklahoma Supreme Court, envisioned that the Oklahoma Supreme Court would approve of the middle ground, that being, let the jury be advised of the settlement but not allow the amount to be divulged to the jury.

The Commissioners' Note to section 4 of the 1939 Uniform Act, which differs from the 1959 Uniform Act only by the addition of the language "covenant not to sue or not to enforce judgment," *compare Uniform Contribution Among Tortfeasors Act,* 13 U.L.A. § 4 (1959) *with* 9 U.L.A. § 4 (1939), indicates that "the method of letting the jury apply the prior payment in reduction of their verdict is less satisfactory than the method of letting the court credit the payment upon the final judgment." *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20, 25 (1962); *accord, Yardley,* 600 P.2d at 487. *See also* Commissioners' Notes, Uniform Contribution Among Tortfeasors Act, 9 U.L.A. at 242.

■ Normally, where Oklahoma has adopted uniform laws or laws from other jurisdictions, case law from those jurisdictions interpreting such laws are persuasive authority in our interpretation of such laws. We find the preference of the Commissioners for the Uniform Act and the jurisdictions holding in accord therewith to represent the better rule and, therefore, we adopt the rule for Oklahoma and hold that settlement credit function is for the court, and not the jury. We also consider this as analogous to our comparative negligence cases in which the court is required to make the mathematical calculations after the jury renders its verdict. *See Laubach v. Morgan,* 588 P.2d 1071 (Okl.1978); O.U.J.I.Civ. Nos. 9.17–.49. *Accord, Yardley, supra.*

■ Now that we have fashioned the rule for Oklahoma as to with whom the allocation of the settlement credit function lies (the threshold question to the problem here), we must address the question of to what extent, if any, the jury may be advised of a settlement between a non-fault plaintiff and an absent tortfeasor. That question is the precise issue before this Court since the trial court did not admonish or instruct the jury as to the purpose of the evidence pertaining to the release of the absent tortfeasors. The jury here was improperly instructed under a comparative

negligent theory to compute the degree of negligence of any defendant. *See Boyles v. Oklahoma Natural Gas Co.,* 619 P.2d 613 (Okl.1980), wherein the Oklahoma Supreme Court held that instructions on comparative negligence have no applicability to cases in which the plaintiff is not one among several negligent co-actors. On remand, the trial court should be cognizant of this and not issue such an instruction.

As noted above, one federal court has envisioned that the Oklahoma Supreme Court would approve a procedure whereby the jury may be informed of the settlement but not the amount, with the jury being instructed to find total damages sustained if it finds in favor of the plaintiff. *Sharp, supra.* The federal court considered the matter to be discretionary with the trial court in view of the provision in the federal rules of evidence which states that while evidence of a compromise is inadmissible to prove liability, such evidence may be admissible when offered for another purpose, such as to prove bias or prejudice of a witness. *Id.* at 2 n. 1; Fed.R.Evid. 408. In that case, the evidence was offered for impeachment purposes during examination of the tortfeasors who had settled prior to trial.

As noted by the court in *Sharp, supra,* Oklahoma, in enacting its code, has virtually adopted a rule identical to rule 408 of the Federal Rules of Evidence, except for minor grammatical alterations. *See* 12 O.S.1981 § 2408. In the subcommittee's notes to section 2408, *see* 12 O.S.A.1981 § 2408, the following passage appears:

> There may be some inconsistency between so much of Section 408 and the Oklahoma law as makes the rule applicable to the acceptance of a valuable consideration in compromising a claim. It has been held that the rule applies only to unaccepted offers [see 5 Okla.L.Rev. 329 (1952)], however, there is at least one case where evidence of an accepted compromise was held inadmissible. See *Gibson v. Chickasha Cotton Oil Co.,* 159 Okla. 291, 15 P.2d 42 (1932). At least the statute would clarify the discrepancy.

Although we do not agree with the subcommittee's reading of the *Gibson* case, we do agree that the statute does clarify any discrepancy as to unaccepted offers versus accepted offers and does make any evidence of a compromise, whether accepted or not, inadmissible to prove liability for the claim or invalidity or amount of the claim. 12 O.S.1981 § 2408. For this reason, we also reject appellee's contention that *All American Bus Lines, supra,* can be read to be supportive of its position.

■ Thus, under 12 O.S.1981 § 2408, in order for evidence of a compromise or settlement to be admissible, such evidence must be offered for a purpose other than to prove liability for the claim or invalidity or amount of the claim. However, even where such evidence is offered to show bias or prejudice of a witness, *see Cox,* 594 P.2d at 359, admissibility is not automatic since "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury ... or unfair and harmful surprise." 12 O.S.1981 § 2403. *Accord, Walton v. Tull,* 356 S.W.2d at 25.

Furthermore, in formulating such rules for Oklahoma, we take cognizance of dicta by the Oklahoma Supreme Court in *Cox,* 594 P.2d at 358:

> Ordinarily settlement agreements between plaintiff and a defendant should be excluded from the jury, otherwise the policy favoring settlement of lawsuits would be frustrated. [Footnotes omitted.]

Summarizing, we hold that it is the function of the trial court to make as a reduction from the jury verdict rendered the compensation already received by plaintiff from absent tortfeasors because of settlement. We further hold that unless evidence of compromise or settlement falls within the other purpose exception mentioned in 12 O.S.1981 § 2408, the same shall not be disclosed to the jury. However, once it is determined that such evidence falls within the purview of the exception of section 2408, the extent of disclosure, if any,

regarding settlement, including the amount given therefor, is discretionary with the trial judge who must then determine, taking into consideration the principle set forth in 12 O.S.1981 § 2403, the extent, if any, of the disclosure. *Compare Walton v. Tull, supra, with Sharp v. Hall, supra.* The necessity for disclosure to the jury of the amount given in consideration for settlement would be a rare occurrence. Only when such evidence has been admitted during the evidentiary stage of the trial, is it appropriate for the trial court to issue an instruction concerning the effect of any such evidence.

■ Turning back to the argument offered by appellee to justify the admission of the evidence here, appellee argues that the evidence pertaining to the release of the absent tortfeasors falls within the other purpose exception of 12 O.S.1981 § 2408. Appellee does not argue the evidence is admissible under an attempt to show bias or prejudice of a witness (the absent joint tortfeasor), for appellee called the plaintiff as its only witness and elicited the evidence through the plaintiff. Appellee simply states the release was never admitted to prove substantive facts, but was admitted to reduce the amount of damages, without offering the Court any explanation as to how this means the evidence falls within the other purpose exclusion to the general rule of section 2408. In *Young,* 539 F.Supp. at 195, a federal district court, in rejecting such a theory, states:

Taking Federal at its word; i.e., that it wishes to prevent the jury from believing that Federal would be the only source of a plaintiff's recovery, it is still not possible to see how this is not precisely the forbidden fruit excluded by operation of Rule 408. It is difficult to understand how Federal is not, by it own admission, seeking to introduce such evidence to mitigate the amount of any possible jury award by informing the jurors that plaintiff has already received a measure of compensation for his injuries. Thus, upon more circumspect analysis it is clear that Federal's argument is merely an attempt to circumvent the express prohibition of Rule 408.

The federal court, quoting 2 D. Louisells & B. Meuller, Federal Evidence § 117 at 289 (1978), added:

When a party has potential liability to more than one claimant, or when a single claimant claims relief from more than one defendant, settlement negotiations are commonly carried out on several fronts. An exclusionary rule which reached only the compromise negotiations between the very parties who subsequently litigate the underlying claim would fall far short of providing the needed protection to the settlement process, and would in fact leave unprotected the very situation which poses the greatest needs. The very terms of Rule 408 leave no doubt that it reaches these cases, and that under it a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of plaintiff's settlement with a third person, nor can plaintiff show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person.

539 F.Supp. at 195 n. 5. Based upon the reasoning expressed in *Young,* we find appellee's contention in this regard likewise to be without merit. In addition, inasmuch as appellee has not shown the Court that the evidence was admissible under 12 O.S.1981 § 2408, we need not consider whether the appellant should have requested the trial court to admonish or instruct the jury as to the limited purpose for which the evidence could have been introduced under proper circumstances. *See* 12 O.S.1981 § 2106.

■ Appellee also requests that we hold that the admission of the evidence pertaining to the release was not prejudicial or reversible error under the theory that the appellant invited the error when she refused to admit that any verdict rendered should be reduced by the amount she received in consideration for the release, thereby leaving the trial judge with no alternative but to admit the evidence. The facts surrounding the admission of the evidence are as follows: Appellant's pre-trial

motion *in limine* requesting the exclusion of the evidence was granted by the trial court. After the appellant rested her case, the appellee requested permission to introduce the evidence. In argument outside the presence of the jury, the appellant objected to the evidence and during this argument and in response to the questioning by the trial judge, appellant refused to admit the validity of the legal principle that any verdict would have to be reduced by the amount the plaintiff received in settlement with the two absent tortfeasors. Thereafter, the trial court ruled the evidence was admissible. We do not find under these circumstances the error was invited. The trial court could have simply applied the settlement credit against any verdict rendered, as required by law, despite any objection made by the appellant. This is not to say that any improper introduction of evidence concerning a compromise or settle-ment cannot be harmless error under any circumstances. *See Yardley, supra,* wherein the Oregon Court held the deficiencies there, although error, presented no reversible error.

Based upon the foregoing, we conclude under the circumstances here the trial court committed reversible error in allowing the evidence and therefore, we reverse and remand this matter for a new trial.

REVERSED AND REMANDED.

HOWARD, J., concurs.