Deborah PARKER, individually, and Deborah Parker, as Administratrix of the Estate of Dennis Parker, Plaintiff-Appellee,

v.

O'RION INDUSTRIES, INC., a Delaware corporation, Defendant-Appellant.

No. 83–2232.

United States Court of Appeals, Tenth Circuit.

July 30, 1985.

James M. Robinson of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for defendant-appellant.

James D. Sill of West, Sill & Combs, Shawnee, Okl., for plaintiff-appellee.

Before LOGAN, SETH, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

In this diversity action defendant O'Rion Industries, Inc. appeals a federal district court's determination that a judgment against O'Rion should not be reduced by an out-of-court settlement between plaintiff and another co-defendant in an earlier state court case arising out of the same facts. O'Rion also appeals the district court's determination that it owes interest on the federal court judgment from the date that plaintiff initially filed the similar action in state court.

In May 1980 plaintiff's husband and another man attempted to erect a used citizen band radio antenna manufactured by O'Rion. The men lost control of the antenna and it fell into high voltage power lines owned by Canadian Valley Electric Cooperative. Plaintiff's husband died as the result of the electrical charge he received from the antenna as it fell against the wires.

In late 1981, plaintiff brought suit in an Oklahoma state court against both Canadian Valley and O'Rion alleging that Canadian Valley negligently maintained its power lines and that O'Rion's antenna was defective and unreasonably dangerous. Canadian Valley paid $30,000 in settlement of plaintiff's claims against it. A short time after it settled with Canadian Valley plaintiff filed a products liability suit against O'Rion, based upon diversity jurisdiction in the United States District Court for the Eastern District of Oklahoma and ceased to pursue its state court action.

After trial on the federal suit a jury rendered a verdict against O'Rion and assessed damages of $120,000. Thereafter, O'Rion filed a motion to amend, claiming that the $30,000 settlement by Canadian Valley should be credited against the judgment, citing Okla.Stat.Ann. tit. 12, § 832. Plaintiff also filed a motion claiming that she was entitled to receive prejudgment

interest from the date of the filing of the state court action, citing Okla.Stat.Ann. tit. 12, § 727(2). The district court denied O'Rion's motion and granted plaintiff's motion. This appeal ensued.

I

■ O'Rion claims that Okla.Stat.Ann. tit. 12, § 832 requires the district court to reduce the judgment against it by the amount of plaintiff's settlement with Canadian Valley. Section 832 provides, in pertinent part:

"H. When a release, covenant not to sue or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it, whichever is the greater...."

The district court concluded that "claim," as used in the statute, "indicates it is the potential of recovery, and not a resulting judgment against a certain defendant, that is reduced." R. I, 247. Based upon our reading of *Cleere v. United Parcel Service, Inc.,* 669 P.2d 785 (Okla.App.1983), we disagree with the district court's interpretation. In *Cleere* the Oklahoma appellate court, stating that the Oklahoma contribution statute was modeled on the Uniform Contribution Among Tortfeasors Act and relying upon the Commissioner's Notes to that act, held "that it is the function of the trial court to make as a reduction from the jury verdict rendered the compensation already received by plaintiff from absent tortfeasors because of settlement." *Id.* at 789.

Plaintiff argues that because the court may not consider *plaintiff's* negligence in a manufacturer's liability action it should not be able to consider a *codefendant's* negligence. Such an argument does not square

with the statute. Canadian Valley and O'Rion may be considered as "one of two or more persons liable in tort for the same injury or the same wrongful death," as stated in Okla.Stat.Ann. tit. 12, § 832. Under Oklahoma law a manufacturer's products liability claim is based upon tort theory. *Kirkland v. General Motors Corp.,* 521 P.2d 1353, 1361 (Okla.1974). Canadian Valley's liability in tort, and its settlement thereof, arises from the same wrongful death. Therefore, this situation seems clearly within the contemplation of § 832; plaintiff's negligence settlement should be used to reduce the products liability judgment against O'Rion. We believe Oklahoma courts would so hold. That holding is consistent with the policy underlying the Uniform Contribution Among Tortfeasors Act that "favors spreading the cost of compensating an injured party for his injuries among the parties who cause those injuries." *W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388, 1400 (W.D.Penn.1973); *see also Venters v. Michigan Gas Utilities Co.,* 493 F.Supp. 345, 348 (W.D.Mich.1980) ("A common liability may exist even though the parties are found liable on separate theories of law and for separate acts, if the concurrence of their acts was the proximate cause of a single, indivisible injury to the plaintiff."); *Baird v. Bell Helicopter Textron,* 491 F.Supp. 1129, 1146 (N.D.Texas 1980) ("[T]he Texas Supreme Court has recognized that, for contribution purposes, there is no difference in culpability between a negligent and a strictly liable co-tortfeasor.").

■ Plaintiff also argues that O'Rion waived its right to a credit for the settlement by failing to request a verdict form or instruction regarding the jury's consideration of the settlement agreement. The court in *Cleere,* however, declared that the "settlement credit function is for the court, and not the jury." 669 P.2d at 788. The trial court did not allow disclosure of the settlement to the jury in the instant case. That is correct under *Cleere,* which contemplates that unless evidence of settlement

falls within the "other purpose" exception to the rules of evidence, the settlement should not be disclosed to the jury. *Id.* at 789; *see* Fed.R.Evid. 408 (inadmissibility of conduct in compromise negotiations to prove liability; evidence may be admissible for other purposes, including proof of witness bias, negativing a contention of delay, proof of effort to obstruct criminal proceedings); *see also* Okla.Stat.Ann. tit. 12, § 2408 (corresponding Oklahoma rule). When the settlement evidence is relevant only for reducing the damage amount, the trial court should "simply appl[y] the settlement credit against any verdict rendered, as required by law." 669 P.2d at 791. *Accord Yardley v. Rucker Brothers Trucking, Inc.,* 42 Or.App. 239, 600 P.2d 485, 487. Consequently, the district court in this case had an affirmative duty to reduce plaintiff's tort judgment by the settlement obtained from the joint tortfeasor, Canadian Valley, rather than permit the jury to do this. *Cf. Anderson v. O'Donoghue,* 677 P.2d 648, 653 (Okla.1983) ("The trial judge properly deducted the amount of settlement from the verdict before arriving at the judgment amount.").

## II

■ There is no doubt that prejudgment interest pursuant to Okla.Stat.Ann. tit. 12, § 727 is proper in a federal diversity action. *Rositer v. Bob Toomey Truck Leasing, Inc.,* 567 F.2d 938, 945 (10th Cir.1977). The question at issue in this case, however, is whether plaintiff is entitled to interest from the date of her initial state court action, November 19, 1981, or from the date of her federal court action, May 11, 1982. The language of the statute allows prejudgment interest from "the date *the suit* was commenced...." Okla.Stat.Ann. tit. 12, § 727 (emphasis added). The state court action and the federal court action were two independent suits. The judgment awarding plaintiff damages arose from plaintiff's second suit. Plaintiff chose to cease pursuing the state court action and institute a new federal diversity action against O'Rion. Quite possibly this case might have been tried sooner if it had

stayed in state court. Any delays because of the change of courts were plaintiff's responsibility; this is not a case in which a defendant asked for removal to the federal court. It would be improper to hold O'Rion liable for delays beyond its control. Prejudgment interest should be allowed from the date of the filing of the federal action only.

REVERSED and REMANDED for further proceedings consistent herewith.